Delores BROWN, Plaintiff-Appellee,

v.

WESLEY'S QUAKER MAID, INC., A
Michigan Corporation,
Defendant-Appellant.

No. 84–1141.

United States Court of Appeals,
Sixth Circuit.

Argued June 10, 1985.

Decided Aug. 27, 1985.

Rehearing and Rehearing En Banc
Denied Nov. 4, 1985.

Charles S. Rudy, argued, Barris, Sott,
Denn & Driker, Detroit, Mich., for defend-
ant-appellant.

Susan McParland, Wayne County Neigh-
borhood Legal Service, Douglas E. Lewis,
Jeane Mirer, argued, Detroit, Mich., for
plaintiff-appellee.

Before KENNEDY and MILBURN, Circuit Judges, and BERTELSMAN, District Judge.*

BERTELSMAN, District Judge.

This Title VII case requires us to analyze the role of United States magistrates in conducting hearings pursuant to references by district judges, especially in Title VII cases. Particularly in issue is the scope of review by the referring district judge of the findings of fact of a magistrate who has heard the evidence.

The defendant, Wesley's Quaker Maid, Inc., manufactures ice cream. The plaintiff, Delores Brown, was hired to work in Wesley's Detroit facility on November 25, 1966. She began as a "light packager," loading ice cream onto baskets as they came off the production line. She began on Lines 1 and 2 unloading half gallons and progressed to Lines 3, 4, and 5 unloading lighter "novelty" ice creams. In 1974 Brown was "promoted" to general laborer. This position carried a higher pay scale and encompassed several jobs on an "as needed" basis: offloading ice cream machines, removing refuse from the plant, unloading trucks, washing windows and walls, cleaning fruit and syrup rooms, and sorting scrap ice cream from saleable ice cream.

On July 10, 1975, Brown filed a grievance via her union (Teamsters) complaining that she should be paid wages as a semi-skilled worker in that she operated ice cream machines on a relief basis. The company agreed and reclassified her as semi-skilled.

On March 4, 1977, Brown filed a grievance and a complaint with the Michigan Department of Civil Rights complaining that she had been placed on Line # 1 on the previous day whereas white men with less seniority were placed on the easier lines. Wesley's received a copy of the civil rights complaint on March 18, 1977.

Brown dropped her complaint after a meeting with Wesley's management at which it was decided that the company would give more consideration to senior employees' job preferences. Brown claims that at this meeting Harold Collins, Vice President, stated: "Now we have civil rights on our back." Collins denies he made the statement.

Brown was discharged on March 31, 1977, for theft of ice cream. She admits having taken four to six malt cups and six to eight ice cream bars. Brown contends that the ice cream was scrap ice cream and that even though the company had a policy (of which she was aware) of requiring a bill of sale on all ice cream taken by employees, nevertheless employees often received verbal permission to take scrap ice cream. Defendant contends that the ice cream was saleable and that even if it was scrap, a bill of sale was required which plaintiff did not have.

Brown filed a complaint with the Michigan Department of Civil Rights. Its investigation disclosed no evidence of unlawful discrimination. The same was true of a complaint she filed with the Equal Employment Opportunity Commission. She then filed this action in the United States District Court.

The district judge referred this case to a magistrate as a special master under F.R. Civ.P. 53. The magistrate conducted a trial and made findings of fact and conclusions of law. The magistrate found that defendant's reason for discharging the plaintiff— the theft of ice cream—was not a pretext for discrimination and that Brown had not been treated more harshly than a white male would have been. The magistrate recommended judgment for the defendant. After reviewing the transcript, the district judge reversed the magistrate and ordered judgment for plaintiff including reinstatement and full back pay. He did so using *de novo* review.

The resolution of this case turns on whether or not the *de novo* scope of review

---

* Honorable William O. Bertelsman, United States District Judge, Eastern District of Kentucky, sitting by designation.

employed by the district judge in refusing to accept the magistrate's findings of fact was correct under the circumstances. Since the evidence was complex and turned primarily on questions of credibility, there is no doubt that the decision of the magistrate must be upheld and that of the district judge reversed, if the scope of review was limited to the clearly erroneous standard provided by F.R.Civ.P. 53, rather than the *de novo* standard employed by the district judge.

We conclude that the district judge incorrectly used the *de novo* standard, and that his decision must be reversed. In this opinion, we will attempt to clarify the various types of references to magistrates in situations such as this and the concomitant types of review.

In analyzing the statutes and procedural rules involved herein, it is necessary to construe *in pari materia,* 28 U.S.C. § 636 (the Magistrates' Act), 42 U.S.C. § 2000e–5(f)(5) (part of Title VII), and F.R.Civ.P. 53. The complete text of these provisions is attached as Appendix A for ease of reference.

 So far as pertinent to this case, the statutes and civil rules provide for five possible kinds of references by district judges to magistrates.[1] They are as follows:

(1) A *non-dispositive* pretrial motion such as a discovery motion. The magistrate may rule directly on such a motion. The scope of review is the "clearly erroneous" standard. 28 U.S.C. § 636(b)(1)(A).

(2) A *dispositive* pretrial motion, such as a motion to dismiss or for summary judgment. Such a reference empowers the magistrate to hold an evidentiary hearing, if required. The magistrate does not rule directly on such a motion, but rather must file a report containing findings of fact and recommendations for the assistance of the district judge who makes the ruling. Here the scope of review of the magistrate's report is *de novo.* 28 U.S.C. § 636(b)(1)(B) and (C).[2] *Equal Employment Opportunity Comm. v. Keco Industries, Inc.,* 748 F.2d 1097, 1102 (6th Cir.1984).

(3) A magistrate may be designated to serve as a special master for a non-jury trial by "showing that some *exceptional condition* requires it." 28 U.S.C. § 636(b)(2); F.R.Civ.P. 53(b). This may be done *without the consent* of the parties. The scope of review is the "clearly erroneous" standard. F.R.Civ.P. 53(e)(2); *Hawkins v. Ohio Bell Tel. Co.,* 93 F.R.D. 547 (S.D.Ohio 1982).

(4) A magistrate may be designated to serve as a special master, *with consent* of the parties, even though *no exceptional condition* requires it. 28 U.S.C. § 636(b)(2); F.R.Civ.P. 53(b). The scope of review is the "clearly erroneous" standard. F.R.Civ.P. 53(e)(2).

(5) The district judge may refer a Title VII action to a magistrate acting as a master, even though *no exceptional condition* exists and the parties *have not consented,* if such case has not been set for trial within 120 days after issue has been joined. 42 U.S.C. § 2000e–5(f)(5). It is clear that the review of the magistrate's findings in this kind of reference is under the "clearly erroneous" standard, because the reference is made under F.R.Civ.P. 53, the only difference being that *neither consent of the parties*

---

1. Upon consent of the parties, granted under very restrictive ground rules, the magistrate may conduct a jury or non-jury trial and enter a final judgment, from which the appeal lies directly to the United States Circuit Court of Appeals. This procedure is a source of confusion because the parties may also agree to an *appeal* to the district judge. This procedure is not a *reference* but deserves mention here for the sake of clarity. 28 U.S.C. § 636(c). The Eastern District of Michigan has not designated its magistrates to exercise the jurisdiction provided for in § 636(c). Also, F.R.Civ.P. 53(b) provides for the appointment of a special master to assist the jury in a case involving complicated issues. *See* 5A Moore's Federal Practice ¶ 53.05[2] for a discussion of this procedure.

2. This same procedure is used for habeas corpus petitions and § 1983 actions by prisoners concerning conditions of confinement.

*nor showing of an exceptional condition is required. Day v. Wayne County Bd. of Auditors,* 749 F.2d 1199, 1201–02 (6th Cir.1984) *Spaulding v. University of Washington,* 740 F.2d 686, 695 (9th Cir.1984), *cert. denied* — U.S. ——, 105 S.Ct. 511, 83 L.Ed.2d 401 (1984).

The plaintiff argues that 28 U.S.C. § 636(b)(3), which permits assignment to magistrates of "such additional duties as are not inconsistent with the Constitution and laws of the United States" authorizes the reference of a matter to a magistrate without consent of the parties with the court reserving to itself a *de novo* review contrary to the provisions above discussed. This court has implicitly rejected such contention, holding that this subsection applies only to procedural and administrative matters. *Hill v. Duriron, Inc.,* 656 F.2d 1208, 1214 (6th Cir.1981); *see also, Banks v. United States,* 614 F.2d 95, 97 (6th Cir. 1980); *Accord: Muhich v. Allen,* 603 F.2d 1247, 1251 (7th Cir.1979); *Collins v. Foreman,* 729 F.2d 108, 119 (2d Cir.1984), *cert. denied* — U.S. ——, 105 S.Ct. 218, 83 L.Ed.2d 148 (1984); *contra Calderon v. Waco Lighthouse for the Blind,* 630 F.2d 352, 354 (5th Cir.1980). We now make explicit what was implicit in *Duriron.* We believe that a construction of subsection § 636(b)(3) to permit non-consensual references to magistrates in a manner at variance with the carefully crafted provisions of § 636 would be anomalous and contrary to fundamental precepts of statutory construction and the legislative history of the Magistrate's Act.

With this background we may turn to the actual proceedings in the instant case. At the conclusion of the pleading stage, the case came before the district judge at a docket or status call. At that time, he dismissed a counterclaim involving a state law claim of defamation. He then orally stated:

"In all, the counterclaim does not state any claim that can be adjudicated by the court and I will grant the motion to strike the counterclaim. That leaves us only with a Title VII case and I am going to direct the Clerk Monday to transfer this case to the Magistrate for trial. I am going to direct the Magistrate [to] conduct a timely trial in this matter so we can get it disposed of. An order will be entered directing the Magistrate to bring this matter to trial, and I will set an early date for it. Of course, you will receive a copy of that order, each of you will."

"Thank you both very much."

The order of reference entered pursuant to this oral direction is set forth in Appendix B hereto. It may be seen that it is not totally clear as to the authority for the reference. Pursuant to the order, after some pretrial proceedings, the magistrate conducted a four-day trial during which she heard the conflicting testimony of numerous witnesses. Subsequently, she filed a report and recommendation stating that she had been acting as a special master under F.R.Civ.P. 53. She resolved most issues of credibility against the plaintiff and recommended judgment for the defendant. Objections were timely filed. When the objections came before the district judge, he stated orally, after having reviewed the transcript, that he was going to employ a *de novo* standard of review.[3] He then re-evaluated the evidence, reversed the magistrate, and entered judgment for the plaintiff.

■ It is appropriate for this court to review this ambiguous record to determine, if possible, which scope of review was proper, and, if this can be determined, to apply the correct standard of review. *Cf. Hill v. Duriron, Inc.,* 656 F.2d 1208 (6th Cir.1981). We think the district judge clearly intended to refer the case to the magistrate for whatever proceedings were appropriate under Title VII. Any ambiguity in the order is clarified by the district judge's oral remarks. Neither party objected to the ref-

**3.** Plaintiff argues that defendant waived any error in the district judge's use of this standard but we hold no such waiver occurred.

erence. A review of § 2000e–5(f)(5) would have revealed to the court and parties that the "clearly erroneous" standard was to be employed.

At the time of the order of reference, issue had been joined for more than two and one-half years, so a reference under § 2000e–5(f)(5) was appropriate. Since the case was referred for trial and not for ruling on a dispositive motion, the *de novo* standard was not appropriate. As noted above, the only type of a non-consensual reference to the magistrate under § 2000e–5(f)(5) is as a special master. Under that section, where a Title VII case has not been set for trial within 120 days after the issue is joined, an exceptional circumstance need not be shown. But as to the scope of review the reference is the same as any other reference under F.R.Civ.P. 53, that is, the review is under the "clearly erroneous" standard. *Day v. Wayne County Bd. of Auditors,* 749 F.2d 1199, 1201–02 (6th Cir.1984). In the instant case, we think the parties acquiesced in the use of whatever standard of review was appropriate under Title VII, because of their willing participation in the proceedings before the magistrate. *Hawkins v. Ohio Bell Tel. Co.,* 93 F.R.D. 547 (S.D.Ohio 1982). *Cf. Hill v. Duriron, Inc., supra.*

Therefore, the "clearly erroneous" standard applies. We have recently been admonished by the Supreme Court to pay more deference to the factual findings of judicial officers who have heard the evidence rather than having merely reviewed a cold record. *Anderson v. City of Bessemer City,* —— U.S. ——, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

In the instant case, there were a number of witnesses with conflicting interpretations of events. In cases under Title VII involving employee discipline, where the plaintiff admits the infraction, it is necessary to show that the penalty imposed was not more severe than that which would have been imposed on a member of the nonprotected group. *Nichelson v. Quaker Oats Co.,* 752 F.2d 1153, 1156 (6th Cir.

1985); *Reynolds v. Humko Products,* 756 F.2d 469, 472 (6th Cir.1985).

Several "comparable" disciplinary incidents were offered into evidence by the plaintiff and the defendant. This necessitated an extensive analysis of the circumstances arising from the treatment by the employer of each disciplinary infraction by a white male. Again, with regard to each of these "cases within a case," the facts were complicated and there were nuances of intent. The instant case was particularly appropriate for resolution by one who heard all the evidence and had a chance to observe the demeanor of the witnesses. We hold as a matter of law that the magistrate's findings must stand under the "clearly erroneous" standard.[4]

Therefore, this court having concluded that the *de novo* standard was inappropriate and that the review by the district judge should have been under the clearly erroneous standard, and further that under such standard the findings of the magistrate must stand, this case must be, and it is, reversed with directions to the trial court to adopt the findings of fact of the magistrate and to enter judgment for the defendant dismissing the complaint.

### EXHIBIT "A"

#### 28 U.S.C. § 636 The Magistrates Act

§ 636. **Jurisdiction, powers, and temporary assignment**

(a) Each United States magistrate serving under this chapter shall have within the territorial jurisdiction prescribed by his appointment—

(1) all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts;

(2) the power to administer oaths and affirmations, issue orders pursuant to section 3142 of title 18 concerning release or detention of persons pending

---

**4.** Plaintiff makes various other arguments which we find to be without merit.

trial, and take acknowledgements, affidavits, and depositions; and

(3) the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section.

(b)(1) Notwithstanding any provision of law to the contrary—

(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C) the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

(2) A judge may designate a magistrate to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts. A judge may designate a magistrate to serve as a special master in any civil case, upon consent of the parties, without regard to the provisions of rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts.

(3) A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.

(4) Each district court shall establish rules pursuant to which the magistrates shall discharge their duties.

(c) Notwithstanding any provision of law to the contrary—

(1) Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. Upon the consent of the parties, pursuant to their specific written request, any other part-time magistrate may exercise such jurisdiction, if such magistrate meets the bar membership requirements set forth in section 631(b)(1) and the chief judge of the district court certifies that a full-time magistrate is not reasonably available in accordance with guidelines established by the judicial council of the circuit. When there is more than one judge of a district court, designation under this paragraph shall be by the concurrence of a majority of all the judges of such district court, and when there is no such concurrence, then by the chief judge.

(2) If a magistrate is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of their right to consent to the exercise of such jurisdiction. The decision of the parties shall be communicated to the clerk of court. Thereafter, neither the district judge nor the magistrate shall attempt to persuade or induce any party to consent to reference of any civil matter to a magistrate. Rules of court for the reference of civil matters to magistrates shall include procedures to protect the voluntariness of the parties' consent.

(3) Upon entry of judgment in any case referred under paragraph (1) of this subsection, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate in the same manner as an appeal from any other judgment of a district court. In this circumstance, the consent of the parties allows a magistrate designated to exercise civil jurisdiction under paragraph (1) of this subsection to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Nothing in this paragraph shall be construed as a limitation of any party's right to seek review by the Supreme Court of the United States.

(4) Notwithstanding the provisions of paragraph (3) of this subsection, at the time of reference to a magistrate, the parties may further consent to appeal on the record to a judge of the district court in the same manner as on an appeal from a judgment of the district to a court of appeals. Wherever possible the local rules of the district court and the rules promulgated by the conference shall endeavor to make such appeal inexpensive. The district court may affirm, reverse, modify, or remand the magistrate's judgment.

(5) Cases in the district courts under paragraph (4) of this subsection may be reviewed by the appropriate United States court of appeals upon petition for leave to appeal by a party stating specific objections to the judgment. Nothing in this paragraph shall be construed to be a limitation on any party's right to seek review by the Supreme Court of the United States.

(6) The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate under this subsection.

(7) The magistrate shall determine, taking into account the complexity of the particular matter referred to the magistrate, whether the record in the proceeding shall be taken, pursuant to section 753 of this title, by electronic sound recording means, by a court reporter appointed or employed by the court to take a verbatim record by shorthand or by mechanical means, or by an employee of the court designated by the court to take such a verbatim record. Notwithstanding the magistrate's determination, (A) the proceeding shall be taken down by a court reporter if any party so requests, (B) the proceeding shall be recorded by a means other than a court reporter if all parties so agree, and (C) no record of the proceeding shall be made if all parties so agree. Reporters referred to in this paragraph may be transferred for temporary service in any district court of the judicial circuit for reporting proceedings under this subsection, or for other reporting duties in such court.

(d) The practice and procedure for the trial of cases before officers serving under this chapter, and for the taking and hearing of appeals to the district courts, shall conform to rules promulgated by the Supreme Court pursuant to section 3402 of title 18, United States Code.

(e) In a proceeding before a magistrate, any of the following acts or conduct shall constitute a contempt of the district court for the district wherein the magistrate is sitting: (1) disobedience or resistance to any lawful order, process, or writ; (2) misbehavior at a hearing or other proceeding, or so near the place thereof as to obstruct

the same; (3) failure to produce, after having been ordered to do so, any pertinent document; (4) refusal to appear after having been subpoenaed or, upon appearing, refusal to take the oath or affirmation as a witness, or, having taken the oath or affirmation, refusal to be examined according to law; or (5) any other act or conduct which if committed before a judge of the district court would constitute contempt of such court. Upon the commission of any such act or conduct, the magistrate shall forthwith certify the facts to a judge of the district court and may serve or cause to be served upon any person whose behavior is brought into question under this section an order requiring such person to appear before a judge of that court upon a day certain to show cause why he should not be adjudged in contempt by reason of the facts so certified. A judge of the district court shall thereupon, in a summary manner, hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a judge of the court, or commit such person upon the conditions applicable in the case of defiance of the process of the district court or misconduct in the presence of a judge of that court.

(f) In an emergency and upon the concurrence of the chief judges of the district involved, a United States magistrate may be temporarily assigned to perform any of the duties specified in subsection (a) or (b) of this section in a judicial district other than the judicial district for which he has been appointed. No magistrate shall perform any of such duties in a district to which he has been temporarily assigned until an order has been issued by the chief judge of such district specifying (1) the emergency by reason of which he has been transferred, (2) the duration of his assignment, and (3) the duties which he is authorized to perform. A magistrate so assigned shall not be entitled to additional compensation but shall be reimbursed for actual and necessary expenses incurred in the performance of his duties in accordance with section 635.

(g) A United States magistrate may perform the verification function required by section 4107 of title 18, United States Code. A magistrate may be assigned by a judge of any United States district court to perform the verification required by section 4108 and the appointment of counsel authorized by section 4109 of title 18, United States Code, and may perform such functions beyond the territorial limits of the United States. A magistrate assigned such functions shall have no authority to perform any other function within the territory of a foreign country.

### 42 U.S.C. § 2000e–5(f)(5) (Title VII)

(5) It shall be the duty of the judge designated pursuant to this subsection to assign the case for hearing at the earliest practicable date and to cause the case to be in every way expedited. If such judge has not scheduled the case for trial within one hundred and twenty days after issue has been joined, the judge may appoint a master pursuant to rule 53 of the Federal Rules of Civil Procedure.

### Federal Rule Civil Procedure 53

### Rule 53. Masters

(a) **Appointment and Compensation.** The court in which any action is pending may appoint a special master therein. As used in these rules the word "master" includes a referee, an auditor, an examiner, and an assessor. The compensation to be allowed to a master shall be fixed by the court, and shall be charged upon such of the parties or paid out of any fund or subject matter of the action, which is in the custody and control of the court as the court may direct; provided that this provision for compensation shall not apply when a United States magistrate is designated to serve as a master pursuant to Title 28, U.S.C. § 636(b)(2). The master shall not retain his report as security for his compensation; but when the party ordered to pay the compensation allowed by the court does not pay it after notice and within the time prescribed by the court, the master is

entitled to a writ of execution against the delinquent party.

**(b) Reference.** A reference to a master shall be the exception and not the rule. In actions to be tried by a jury, a reference shall be made only when the issues are complicated; in actions to be tried without a jury, save in matters of account and of difficult computation of damages, a reference shall be made only upon a showing that some exceptional condition requires it. Upon the consent of the parties, a magistrate may be designated to serve as a special master without regard to the provisions of this subdivision.

**(c) Powers.** The order of reference to the master may specify or limit his powers and may direct him to report only upon particular issues or to do or perform particular acts or to receive and report evidence only and may fix the time and place for beginning and closing the hearings and for the filing of the master's report. Subject to the specifications and limitations stated in the order, the master has and shall exercise the power to regulate all proceedings in every hearing before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties under the order. He may require the production before him of evidence upon all matters embraced in the reference, including the production of all books, papers, vouchers, documents, and writings applicable thereto. He may rule upon the admissibility of evidence unless otherwise directed by the order of reference and has the authority to put witnesses on oath and may himself examine them and may call the parties to the action and examine them upon oath. When a party so requests, the master shall make a record of the evidence offered and excluded in the same manner and subject to the same limitations as provided in the Federal Rules of Evidence for a court sitting without a jury.

**(d) Proceedings.**

(1) *Meetings.* When a reference is made, the clerk shall forthwith furnish the master with a copy of the order of reference. Upon receipt thereof unless the order of reference otherwise provides, the master shall forthwith set a time and place for the first meeting of the parties or their attorneys to be held within 20 days after the date of the order of reference and shall notify the parties or their attorneys. It is the duty of the master to proceed with all reasonable diligence. Either party, on notice to the parties and master, may apply to the court for an order requiring the master to speed the proceedings and to make his report. If a party fails to appear at the time and place appointed, the master may proceed ex parte or, in his discretion, adjourn the proceedings to a future day, giving notice to the absent party of the adjournment.

(2) *Witnesses.* The parties may procure the attendance of witnesses before the master by the issuance and service of subpoenas as provided in Rule 45. If without adequate excuse a witness fails to appear or give evidence, he may be punished as for a contempt and be subjected to the consequences, penalties, and remedies provided in Rules 37 and 45.

(3) *Statement of Accounts.* When matters of accounting are in issue before the master, he may prescribe the form in which the accounts shall be submitted and in any proper case may require or receive in evidence a statement by a certified public accountant who is called as a witness. Upon objection of a party to any of the items thus submitted or upon a showing that the form of statement is insufficient, the master may require a different form of statement to be furnished, or the accounts or specific items thereof to be proved by oral examination of the accounting parties or upon written interrogatories or in such other manner as he directs.

**(e) Report.**

(1) *Contents and Filing.* The master shall prepare a report upon the matters submitted to him by the order of reference and, if required to make findings of fact and conclusions of law, he shall set them forth in the report. He shall file the report with the clerk of the court and in an action to be tried without a jury, unless otherwise

directed by the order of reference, shall file with it a transcript of the proceedings and of the evidence and the original exhibits. The clerk shall forthwith mail to all parties notice of the filing.

(2) *In Non-Jury Actions.* In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous. Within 10 days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6(d). The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.

(3) *In Jury Actions.* In an action to be tried by a jury the master shall not be directed to report the evidence. His findings upon the issues submitted to him are admissible as evidence of the matters found and may be read to the jury, subject to the ruling of the court upon any objections in point of law which may be made to the report.

(4) *Stipulation as to Findings.* The effect of a master's report is the same whether or not the parties have consented to the reference; but, when the parties stipulate that a master's findings of fact shall be final, only questions of law arising upon the report shall thereafter be considered.

(5) *Draft Report.* Before filing his report a master may submit a draft thereof to counsel for all parties for the purpose of receiving their suggestions.

**(f) [Application to Magistrate.]**[1] A magistrate is subject to this rule only when the order referring a matter to the magistrate expressly provides that the reference is made under this Rule.

(As amended Feb. 28, 1966, eff. July 1, 1966; Apr. 28, 1983, eff. Aug. 1, 1983.)

## EXHIBIT "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Delores Brown | CIVIL ACTION |
| Plaintiff(s) | NO. 79-70397 |
| vs. | CRIMINAL ACTION |
| | NO. |
| Wesley Quaker Maid, Inc. | |
| Defendant(s) | |

### ORDER OF REFERENCE TO UNITED STATES MAGISTRATE

IT IS ORDERED that this matter is referred to United States Magistrate Barbara K. Hackett for the following purposes:

( ) Hearing and determination in accordance with 28 U.S.C. 636(b)(1)(A) of Motion_____

( ) Hearing and recommending disposition in accordance with 28 U.S.C. 636(b)(1)(B) of Motion/Application/Petition

1. Editorially supplied.

962

■■■■■■■■■■■■■■■■■

( ) Conduct the following pre-trial proceedings_____
_____ .

( ) To serve as Special Master pursuant to Rule 53, Federal Rules
of Civil Procedure, and make reports and findings concerning
_____
_____
_____

(✗) Other____ ˙Conduct trial on Title VII matter on or before
Feb. 1, 1982.
A copy of this Order of Reference shall be forwarded to the above-

named Magistrate by the Clerk

_____
HORACE W. GILMORE
UNITED STATES DISTRICT JUDGE

Dated: Sept. 11, 1981____