785 F.2d 308
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FRITZ HAWKINS, Plaintiff-Appellant
v.
THE OHIO BELL TELEPHONE COMPANY, Defendant-Appellee.
 84-3575
 United States Court of Appeals, Sixth Circuit.
 1/14/86
 
 Before: MERRITT, JONES and NELSON, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Appellant Fritz Hawkins appeals the District Court's dismissal of his complaint alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. 93 F.R.D. 547 (S.D. Ohio 1982). Because we find that he did not make timely objecti n to the referral of his case to the magistrate, and because we find that the District Court's comprehensive de novo review cured any error in the magistrate's opinion, we affirm.
 
 I.
 
 2
 Fritz Hawkins is a black male who has held various positions at Ohio Bell since 1942. Prior to 1968 he held non-management positions. In 1968, however, he wrote a letter to the president of Ohio Bell alleging racial discrimination; he was promoted to the position of commercial representative. Over the next ten years he was assigned to various jobs, descriptions of which are set out in the record. After receiving a number of unfavorable performance reports, going as far back as 1971, Hawkins was terminated in November of 1978.
 
 
 3
 On May 25, 1979 Hawkins filed suit in the Southern District of Ohio, claiming violation of Title VII. The action was referred to U.S. Magistrate Robert Steinberg on June 8, pursuant to 28 U.S.C. Sec. 636(b)(1)(b), F.R.C.P. 53(c) and section 1.2(21) of the local rules. The hearing commenced on March 2, 1981 and Hawkins rested his case on March 5. Ohio Bell then moved for involuntary dismissal under F.R.C.P. 41(b) or, in the alternative, for judgment in its favor on the ground that Hawkins had shown no right to relief. At that point the magistrate indicated that he would find for Ohio Bell, and in his Report and Recommended Decision, issued March 31, he so recommended. At no point did Hawkins object to the referral of his case to the magistrate prior to taking this appeal.
 
 
 4
 Hawkins filed five objections to the Report and Recommended Decision on April 10, 1981. Judge Rice then overruled the first three objections on February 16, 1982, with decision on the remaining two to await the preparation of a trial transcript or stipulation of facts. He also noted that there had been some confusion as to which subsection of 28 U.S.C. Sec. 636(b) was intended to govern the reference of the case to the magistrate. He held that the reference under Sec. 636(b)(1)(b) was incorrect, and that the reference should have been under Sec. 636(b)(2). However, he noted that the parties had consented by their failure to object to the referral, and stated that by employing the appropriate standard of review he would render any error harmless in any case. On June 15, 1984, Judge Rice stated that he had reviewed the two remaining objections on a de novo basis and had found them without merit. He thus adopted the Report in its entirety and granted Ohio Bell's motion for involuntary dismissal and entered judgment for Bell. From that decision Hawkins appeals.
 
 II.
 
 5
 Hawkins argues that the District Court acted improperly in referring his case to a magistrate without his consent, that it failed to state findings of fact and conclusions of law, and that it erred in upholding the magistrate's finding that Hawkins had not made out a prima facie case of racial discrimination. We are unpersuaded on all three counts, for the reasons that follow.
 
 
 6
 As was previously noted, consent can be inferred from the failure to object when a case is referred to a magistrate. By failing to object to the reference and going forward with the hearing before the magistrate without objection, Hawkins permitted the expenditure of judicial and other human resources and costs that would have been WASTED were the case to be retried. Hawkins' actions thus constitute a waiver of his right to complain about the reference procedure followed. See Brown v. Wesley's Quaker Maid, 771 F.2d 952, 956 (6th Cir. 1985).
 
 
 7
 Having determined that the referral of the case is not a basis for reversal, we must now address the question of whether the subsequent disposition should be affirmed. Hawkins contends that the District Court's adoption of the magistrate's Report and Recommendation, which was delivered orally, should fail because the report did not state findings of fact, and because the magistrate erred in finding that he had not established a prima facie case of racial discrimination.
 
 
 8
 While we agree with the District Court that the magistrate's Report was not of textook quality, we also agree that it was nonetheless sufficient to satisfy the requirements of the Rules. It is well settled that orally delivered findings are sufficient so long as they adequately convey the facts and legal conclusions behind the decision. See, e.g., Movible Offshore, Inc. v. M/V Wilken A. Falgout, 471 F.2d 268 (5th Cir. 1973); Rucker v. Higher Educ. Aids Bd., 669 F.2d 1179 (7th Cir. 1982).
 
 
 9
 Hawkins' attack on the trial court's finding of no discrimination is more troublesome, partly as a result of the rather unusual developments in the testimony below. Witnesses called by Hawkins provided extensive testimony as to his unsuitability for the job he held. Thus, instead of the orderly three-stage procedure envisioned by Texas Dep't of Comm. Affairs v. Burdine, 450 U.S. 248, 253 (1981) (order of proof contemplates plaintiff's proof of prima facie case, articulation by employer of nondiscriminatory reason, plaintiff's proof that reasons are pretextual), plaintiff's proof itself including cross-examination, established (1) that he had not been discharged for discriminatory reasons; (2) that he had been discharged for poor performance; and (3) that that reason was not pretextual. With the usual order thus collapsed during plaintiff's proof into one stage, plaintiff did not make an effort to prove pretext further. The scope of our review in such cases is the 'clearly erroneous' standard, and under that standard the magistrate's findings, as more fully elaborated by the District Court, are capable of standing. Pullman v. Swint, 456 U.S. 273, 285-90 (1982). See also Anderson v. City of Bessemer City, 105 S.Ct. 1504 (1985). Plaintiff made no showing or offer of proof on pretext in the court below and has not pointed out how the procedure followed prejudiced his case.
 
 
 10
 Hawkins also attacks the magistrate's findings on the ground that they are contradictory, arguing that the magistrate found that he had been discriminated against even while holding that he had not made out a prima facie case of discrimination. This argument, however, rests on an out-of-context reading of the Report that is not supported by the Report as a whole. Accordingly, the opinion of the District Court is affirmed.