791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MALCOLM A. LEWIS, III, Plaintiff-Appellant,
v.
THE KROGER COMPANY, GENE T. DUFF, AND OTHERS NOT
SPECIFICALLY NAMED HEREIN WHO ARE/WERE EMPLOYEES
OF KROGERS, Defendants-Appellees.
 84-3543
 United States Court of Appeals, Sixth Circuit.
 4/9/86
 
 AFFIRMED
 S.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 BEFORE: KENNEDY and RYAN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Appellant Malcolm A. Lewis III appeals the district court's judgment in favor of Appellees The Kroger Company, Gene T. Duff, and unnamed others (hereinafter collectively referred to as 'Kroger'), which terminated his employment action alleging a violation of the Vietnam Era Veterans' Readjustment Assistance Act of 1974 ('Act'), 38 U.S.C. Sec. 2021 et seq. (1982). Lewis contends that the district court's decision, finding no violation of the Act, is against the weight of the evidence and that the district court erred in not finding that the magistrate's report was the product of bias. We hold that the district court's findings of fact are not clearly erroneous and, accordingly, we affirm.
 
 
 2
 Lewis was employed by Kroger in Xenia, Ohio, his last day of work being July 7, 1972. Lewis entered the United States Navy ('Navy') on September 7, 1972. After being honorably discharged on July 28, 1976, he sought reemployment with Kroger. Finding that the store where he had worked had been destroyed by a tornado, Lewis contacted the former store manager, Gene T. Duff, concerning reemployment, and made a formal application with Kroger in March, 1977. Kroger subsequently refused to rehire Lewis, and Lewis brought this employment action claiming that he was entitled to reemployment by virtue of the veterans' reemployment statute.
 
 
 3
 The matter was referred to a magistrate, who conducted a trial on the merits and concluded that Lewis had failed to establish the conditions requisite to envoking the right, under Section 2021 of the Act, 38 U.S.C. Sec. 2021 (1982), to be restored to his former position with Kroger. The district court subsequently conducted a de novo review of the record, see Hill v. Duriron Co., 656 F.2d 1208, 1214 (6th Cir. 1981); cf. Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952, 954-56 (6th Cir. 1985), and adopted the magistrate's Report and Recommendation in its entirety. The district court also reaffirmed its prior decision in the case which had found Lewis' contention of bias and prejudice on the part of the magistrate to be without merit. This appeal ensued.
 
 
 4
 A veteran's statutory right to reemployment following military service is contingent on meeting several criteria set forth in the statute. See 38 U.S.C. Sec. 2021 (1982). Although Section 2021 is to be liberally construed for the benefit of veterans, Trulson v. Trane Co., 738 F.2d 770, 772 (7th Cir. 1984), Lewis bore the burden of proving: (1) that the position he held when he left Kroger was other than a temporary position, (2) that he left employment with Kroger in order to perform training and service with the Navy, (3) that he received an honorable discharge, and (4) that he made application for reemployment to Kroger within ninety days of his discharge. See 38 U.S.C. Sec. 2021 (1982); Trulson, 738 F.2d at 772-73. The district court found, as had the magistrate, that Lewis had held a permanent part-time job before leaving employment with Kroger, and had been honorably discharged from military service. The lower court also agreed with the magistrate in finding that Lewis had failed to establish that he had left Kroger 'in order to perform' service with the Navy and had failed to apply for reemployment within ninety days of his discharge from the Navy.
 
 
 5
 On review, we must accept the factual findings of the lower court unless they are 'clearly erroneous,' Fed. R. Civ. P. 52(a), setting aside such findings only if we are 'left with the definite and firm conviction that a mistake has been committed,' United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Anderson v. City of Bessemer City, North Carolina, 105 S. Ct. 1504, 1511 (1985). Upon consideration of the record in this case, the briefs, and the oral argument of counsel, we cannot hold that the district court's findings of fact are clearly erroneous. Lewis failed to present 'good evidence of his . . . motive for leaving work,' Trulson, 738 F.2d at 774, especially in light of the two month lapse between his last day of employment and his induction into the Navy. In addition, the lower court was not clearly erroneous in finding that Lewis had not made a formal application for reemployment until March, 1977. Further, the district court's determination that even if Lewis' contact with his former manager, Duff, constituted an application for reemployment, this contact had not occurred until late November or early December, 1976, after the ninety day period prescribed by Section 2021, was not clearly erroneous, but was supported by Lewis' unemployment compensation application, Duff's testimony, and the testimony of Lewis' wife from whom he was separated. With regard to Lewis' contention that the magistrate was biased against him, we hold that the district court did not clearly err in determining that this allegation was without factual support. Moreover, even if bias existed, there is no indication, particularly in light of the foregoing factual determinations, that Lewis was thereby prejudiced.
 
 
 6
 Accordingly, the judgment of the district court is affirmed.