803 F.2d 718
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ralph Boykin, Plaintiff-Appellant
v.
Armin A. Melior, M.D.; R. C. Marshall; Terry Morris;
Wente; C. H. Tackett, Imogene Ferguson Dave See; C.
Williams; John Burgess; Chaboudy; Board of Trustees River
Side Hospital; Balinger; Rick Merrit, Defendants-Appellees.
 No. 85-4012.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1986.
 
 1
 BEFORE: MILBURN and BOGGS, Circuit Judges; EDWARDS, Senior Judge
 
 ORDER
 
 2
 This Ohio plaintiff appeals from a district court judgment adopting the Magistrate's report and recommendation to grant summary judgment to defendants and to dismiss plaintiff's 42 U.S.C. Sec. 1983 action. Seeking declaratory, injunctive and monetary relief, plaintiff sued prison officials and medical personnel, alleging that the various defendants had intentionally or with gross negligence mistreated him for serious medical problems.
 
 
 3
 The district court referred the case to a U.S. Magistrate pursuant to 28 U.S.C. Sec. 636(b)(1)(B), and gave the Magistrate all the powers set forth in Rule 53(c), Federal Rules of Civil Procedure, relating to special masters. After three years of litigation, the Magistrate entered a report which recommended granting defendant's motion for summary judgment, concluding that plaintiff's action was essentially a medical malpractice claim, as evidenced by plaintiff's use of the words "malpractice", "negligence" and "tort" in his pleadings. The plaintiff filed timely and specific objections to the report. In its order adopting the Magistrate's report and recommendation, the district court reviewed the report under the "clearly erroneous" standard, and adopted the Magistrate's report and recommendation to grant the defendants summary judgment.
 
 
 4
 Upon our review of the cause, we conclude that the district court's judgment must be vacated and this cause be remanded for further consideration, since the district court failed to undertake a de novo review, as required by 28 U.S.C. Sec. 636(b)(1). See Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952, 954 (6th Cir. 1985).
 
 
 5
 This panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, vacated pursuant to Rule 9(d)(4), Rules of the Sixth Circuit, and this cause is hereby remanded for further consideration.