815 F.2d 703
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dewey FRAZIER, Plaintiff-Appellant,
v.
Michael DUTTON and Stephen Norris, Defendants-Appellees.
 No. 86-5508.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1987.
 
 Before JONES, KRUPANSKY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant, while incarcerated at the Tennessee State Prison, filed a civil rights action under 42 U.S.C. Sec. 1983 alleging cruel and unusual punishment resulting from conditions imposed under a "lock down" in effect at the prison since a riot on July 3, 1985. In support of his claim for equitable relief for himself and three other similarly situated inmates, appellant alleged that his constitutional rights had been violated as a result of forced idleness, inadequate food, insufficient exercise time, deliberate indifference to dietary and medical needs and inadequate access to the institution's law library. Upon recommendation of the Magistrate, the district court dismissed appellant's action without prejudice for referral to the Special Master appointed in the Tennessee prisoners' class action suit, Grubbs v. Bradley, 552 F.Supp. 1052 (M.D.Tenn.1982), wherein the remedial stage of the litigation is still pending.
 
 
 3
 We affirm. Appellant's challenge to his conditions of confinement falls within the scope of equitable relief requested in Grubbs. As the equitable relief requested has class-wide implications for members of the Grubbs class, of which appellant is a member, dismissal without prejudice for reference to the Special Master was within the proper discretion of the district court given the circumstances involved. See Green v. McKaskle, 770 F.2d 445, 448 (5th Cir.1985); Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952, 954 (1985).
 
 
 4
 Accordingly, the questions on which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, the district court's final judgment entered April 18, 1986 is affirmed.