817 F.2d 105
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Geraldine McGOWAN, Plaintiff-Appellant,
v.
AVCO CORPORATION; et al. Defendants-Appellee.
 No. 86-5263.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1987.
 
 Before KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff Geraldine McGowan appeals the orders of the Honorable John T. Nixon, United States District Court for the Middle District of Tennessee, dismissing claims in her employment discrimination action against defendant Avco Corporation. Although appellant's complaint and appellate brief raise a host of theories and issues, this appeal focuses on the issue of the propriety of the district court's referral of appellant's claims to a Magistrate under 42 U.S.C. Sec. 2000e et. seq. ("Title VII").[1] We AFFIRM the district court orders for the reasons set forth below.
 
 
 2
 Appellant argues that when the district court referred her Title VII claims to a Magistrate pursuant to 42 U.S.C. Sec. 2000e-5(f)(5) and Fed.R.Civ.P. 53(b), it committed error in that the referral was made (a) without the consent of the parties; (b) well before a one hundred and twenty day waiting period had elapsed[2] and (c) without exceptional circumstances supporting the reference. Second, appellant argues that the court committed error when it reviewed the Magistrate's findings under a "clearly erroneous" standard and adopted the findings without an oral hearing on appellant's objections to the Magistrate's report. Appellant contends that the district court's failure to have a de novo hearing violated Article III of the United States Constitution and denied her right to due process of law.
 
 
 3
 After careful scrutiny of the briefs, the record and oral argument, we conclude that appellant's arguments must fail. First, as to the issue of the timeliness of the court's referral, appellant failed to raise the issue until sixteen months after the date of the original referral order. We find such delay to act as a waiver of appellant's objections to the referral. By the time the issue was raised, both parties had participated in lengthy and exhaustive proceedings before the Magistrate. The court and both parties had invested substantial effort in those proceedings. Moreover, appellant's inexplicable delay in raising the issue denied the court the opportunity to address and possibly redress the alleged error. Appellant, in essence, "slept on her rights."
 
 
 4
 Appellant also has failed to show how she was prejudiced by the court's failure to wait until one hundred twenty days had elapsed. Though she argues that her ability to conduct adequate discovery was hampered by the referral, a review of the district court docket indicates that appellant had ample opportunity to conduct discovery in the proceedings before the Magistrate. Therefore, having found that appellant waived her objection to the referral and having found no prejudice as a result of its timeliness, we conclude that the district court was not in error.
 
 
 5
 Second, regarding the issue of the proper standard of review of the Magistrate's report, this Circuit has held in Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952 (6th Cir.1985) that a Magistrate's findings in a referral under 42 U.S.C. 2000e-5(f)(5) are reviewed under the "clearly erroneous" standard. 771 F.2d at 954. The district court therefore applied the correct scope of review. With respect to appellant's contention that the court erred in not permitting oral argument on her objections, we note that appellant failed to comply with the local rule. That rule states in pertinent part:
 
 
 6
 All motions shall be in writing and shall be decided by the Court without oral hearings unless otherwise ordered by the Court. If an attorney feels that oral argument is particularly desirable on a given motion, he may accompany the motion with a written request therefor, stating the reasons justifying the hearing.[3]
 
 
 7
 M.D.Tenn.Loc.R. 8(b)(1) (emphasis supplied).
 
 
 8
 Since appellant did not submit a written request for oral argument, the district court was not in error in refusing to grant it.
 
 
 9
 Appellant's last contention regarding the lack of a de novo hearing before an Article III judge is without merit. In Crowell v. Benson, 285 U.S. 22 (1932), "[t]he Crowell court rejected a wholesale attack on any delegation of factfinding to the administrative tribunal. It noted that there is no requirement that, in order to maintain the essential attributes of the judicial power, all determinations of fact in constitutional courts shall be made by judges." United States v. Raddatz, 447 U.S. 667, 682 (1980) (citing Crowell, 285 U.S. at 51-52). Moreover, the district court was not required to rehear the testimony on which the Magistrate based his findings and recommendations in order to make a valid judgment under Article III. The Supreme Court in Raddatz counsels that Article III is satisfied if the ultimate adjudicatory determination is reserved to the district court judge. 477 U.S. at 676. It is the determination by the district court judge rather than the hearing which satisfies Article III. Id. Here, the district court clearly made the ultimate determination on the record developed before the Magistrate. Whether or not a de novo hearing was necessary was a matter of the district court's discretion. Id. We do not find the decision not to have a hearing to be an abuse of that discretion. Nor do we find the absence of a hearing to violate Article III's requirements.
 
 
 10
 Accordingly, we AFFIRM the orders of the district court dismissing appellant's claims.
 
 
 
 [1]
 Counsel for appellant conceded at oral argument that this issue was the essence of the appeal. Thus informed, we do not feel compelled to address the other issues raised by appellant
 
 
 [2]
 Appellant contends that 42 U.S.C. 2000e-5(f)(5) requires the district court to refer Title VII cases to a Magistrate only when one hundred and twenty days has elapsed after the issue has been joined. In light of how we decide this case, we need not reach the issue of whether appellant's reading of the statute is correct
 
 
 [3]
 A reading of Local Rule 505 of the Middle District of Tennessee supports our conclusion that objections to a Magistrate's report function as a motion