Fritz **HAWKINS**, Plaintiff,

v.

**OHIO BELL TELEPHONE
CO.**, Defendant.

No. C–3–79–206.

United States District Court,
S. D. Ohio, W. D.

Feb. 17, 1982.

---

W. Fritz Hawkins, pro se.

Howard P. Krisher, Dayton, Ohio, M. Lee Graft, Jr., Cleveland, Ohio, for defendant.

DECISION AND ENTRY OVERRULING THREE OF PLAINTIFF'S OBJECTIONS TO REPORT OF MAGISTRATE; RULINGS DEFERRED ON REMAINING OBJECTIONS; FURTHER PROCEDURES ORDERED; CONFERENCE CALL SET

RICE, District Judge.

The captioned cause is before this Court pursuant to Fed.R.Civ.P. 53(e)(2), upon Plaintiff's objections to the Report and Recommendation of the U.S. Magistrate, recommending that Defendant's motion to dismiss Plaintiff's action under Fed.R.Civ.P. 41(b) be granted. For the reasons set out below, three of the Plaintiff's objections to the Report are overruled, but rulings on the remaining two objections are deferred pending the preparation of a transcript of the proceedings had before the Magistrate.

## I.  PROCEDURAL BACKGROUND

The Plaintiff in this action, Fritz Hawkins, was employed by Defendant Ohio Bell

Telephone Co. (Ohio Bell) from July 5, 1942 to November 3, 1978, which period included three and one half years in the military service. Hawkins was a non-management employee of Ohio Bell from July 5, 1942 to August 31, 1968, and a management employee from September 1, 1968 to November 3, 1978. He was involuntarily retired from Ohio Bell on the latter date.

Plaintiff thereafter filed suit in this Court, alleging that Defendant had violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and properly invoked the jurisdiction of this Court pursuant to 42 U.S.C. § 2000e–5(f)(3). The complaint stated that Plaintiff (a black male), due to his sex and race, was subjected to harassment by Ohio Bell management, denied training opportunities offered other employees, given meaningless job responsibilities, denied promotions, and, finally, terminated from his position despite his qualifications. In its answer, Ohio Bell denied these allegations and denied that the termination was violative of Title VII.

██ The action was referred to the U.S. Magistrate on June 8, 1979, pursuant to 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ.P. 53, and § 1.2(21) of then General Order IX of the Court.[1] A non-jury trial of the action commenced before the Magistrate on March 2, 1981. On March 5, Plaintiff rested his case, and Defendant moved to dismiss the action pursuant to Fed.R.Civ.P. 41(b) or, in the alternative, that judgment be entered in favor of the Defendant and Plaintiff take nothing upon his complaint, for reason that on the facts and the law, Plaintiff had shown no right to relief. On the same date the Magistrate indicated that he would recommend that the motion be granted, and on March 31, 1981, he filed a written Report and Recommendation to the same effect, said Report being filed to satisfy the requirements of Fed.R.Civ.P. 52(a). Plaintiff duly filed objections to the Report.

## II. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S REPORT ARE OVERRULED IN PART, AND RULINGS ARE DEFERRED ON REMAINING OBJECTIONS.

This Court must first address the question of which standard should be applied in reviewing the Report. The incorrect citation in the Order of Reference, note 1, *supra*, creates some confusion as to the proper standard of review of the Report. In a case procedurally similar, though not identical, to the present one, the Sixth Circuit held that the reviewing district court must review the transcript of a hearing on the merits before the Magistrate. *Hill v. Duriron Co., Inc., supra*, note 1. In that case, two Orders of Reference by the District Judge incorrectly cited § 636(b)(1)(B). After a hearing on the merits, the Magistrate issued a Report recommending that judgment be entered in favor of the defendants. The plaintiffs filed a motion to review the Magistrate's findings, and asked leave to file supplemental objections after they received a transcript of the hearing. The defendants in their supplemental objections also argued that the magistrate ignored substantial parts of the record, and demanded that the de novo review standard of § 636(b)(1)(C) be applied. The District Court reviewed the Magistrate's Report under the "clearly erroneous" standard of Fed. R.Civ.P. 53(e)(2), without examining a transcript, and upheld the decision of the magistrate.

Upon review, the Sixth Circuit reversed, holding that "under the facts of this case ... a knowing waiver of the right to de novo review of a referral pursuant to § 636(b)(1)(B), twice cited by the district

---

1. The Court's Order of Reference incorrectly cited 28 U.S.C. § 636(b)(1)(B), when the correct citation was to § 636(b)(2). The former provision contains no reference to referring a case to a magistrate for trial on the merits. However, this Court holds that the referral to the magistrate for trial on the merits was taken with the consent of the parties, manifested by their failure to object to the procedure at any time during the proceedings in this action, including the review by this Court. Hence, the referral to the Magistrate in this case was proper and need not be set aside. *See, Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1214 (6th Cir. 1981).

court," could not be inferred. 656 F.2d at 1214. The Court concluded that:

In the present case it is difficult to discern how any meaningful review, much less a de novo determination, could have been made by the district court. The transcript of hearings before the magistrate had not been filed when the district court issued its order. Objections based on the magistrate's treatment of the evidence could not be properly reviewed even under the clearly erroneous standard without a review of the record. The court must review at least those portions of the transcript of evidence which are relevant to the particular findings that are under attack. *United States v. Certain Lands in City of Statesboro*, 341 F.2d 742, 744–45 (5th Cir. 1965).

*Id.* at 1215.

■ Section 636(b) governs the referral of pre-trial motions and other matters to a Magistrate, and also designates standards under which this Court must review appeals of the Magistrate's proposed findings of fact and recommendations on said motions. In a referral pursuant to § 636(b)(1)(B), incorrectly cited in the referral order (note 1, *supra*), the Magistrate may conduct hearings and submit proposed findings of fact, and recommendations for the disposition of certain motions. In contrast, in a referral pursuant to § 636(b)(2), the Magistrate may conduct a trial on the merits. *Hill v. Duriron Co., supra*, 656 F.2d at 1212–13; H.R. Rep.No. 94–1609, 94th Cong., 2d Sess. 12 (1976), *reprinted in* [1976] U.S.Code Cong. & Adm.News 6162, 6172. The standard of review following a referral pursuant to § 636(b)(1)(B) requires this Court to make a de novo determination of those proposed findings and recommendations to which objection is made. § 636(b)(1)(C). On the other hand, the findings of fact made by the Magistrate in a referral pursuant to § 636(b)(2) must be accepted unless clearly erroneous. Fed.R.Civ.P. 53(e)(2); *Hill v. Duriron Co., supra.* Under Fed.R.Civ.P. 53(e)(2), this Court is free to exercise its independent judgment with respect to the legal conclusions reached by the Magistrate. *Harden v. Dayton Human Rehabilitation*

*Center,* 520 F.Supp. 769, 771 (S.D.Ohio, 1981).

■ In the within case, this Court deems it appropriate to apply the clearly erroneous standard of review under Fed.R.Civ.P. 53(e)(2). In other words, the referral will be treated *as if* it had been made under § 636(b)(2), not § 636(b)(1)(B). The Court reaches this conclusion based on the fact that Plaintiff herein, unlike the plaintiffs in *Hill*, does not ask this Court to review the Report under a de novo standard. Indeed, Plaintiff does not allude to any standard at all.

■ The quoted language from *Hill*, however, clearly requires this Court to review a transcript of the evidence before the Magistrate, when considering those objections to the Magistrate's Report which attack his findings of fact. Fed.R.Civ.P. 53(e)(2). This is true, even though the clearly erroneous standard is deemed applicable. As will be outlined below, Plaintiff's first three objections only address the sufficiency of the Report itself, and do not require this Court to review the evidence before the Magistrate in ruling upon the validity of said objections. Hence, the first three objections can be, and are, ruled upon in the decision herein.

In contrast, the last two objections to the Report focus on the evidence proffered at trial. Under the fourth objection, Plaintiff argues that the Magistrate improperly relied upon certain evidence introduced by Defendant at trial. Under the fifth objection, Plaintiff argues that a review of the evidence produced at trial will show that Defendant violated Title VII. The latter objection, in effect, directly attacks the Magistrate's findings of fact under the "clearly erroneous" standard of Fed.R. Civ.P. 53(e)(2). Although not required under *Hill*, a proper consideration of the fourth objection necessitates an examination of the trial transcript. As indicated by the above synopsis of the *Hill* decision, proper consideration of the fifth objection requires an examination of the trial transcript.

Unfortunately, neither party requested a trial transcript in this case, and no such transcript is currently in the record before this Court. Accordingly, this Court will proceed to rule upon the first three objections to the Report, and defer ruling upon the last two objections until a transcript of the trial can be reviewed.

Plaintiff makes five objections to the Report, to wit:

1. The Report erroneously applies Fed. R.Civ.P. 41(b) to this action;

2. The Report fails to comply with Fed. R.Civ.P. 52(a);

3. The Report reflects a misunderstanding of the order and allocation of proof in Title VII actions;

4. The Report relies on evidence not properly before the Court; and

5. The language of the Report indicates that Plaintiff established a prima facie case of employment discrimination.

The objections will be discussed seratim.

1. *Application of Fed.R.Civ.P. 41(b).*

■ Fed.R.Civ.P. 41(b) provides that, in a non-jury trial, the defendant, after plaintiff's case has been presented, "may move for a dismissal on the ground that upon the

facts and the law, the plaintiff has shown no right to relief."[2] This procedure was clearly applicable to the instant case. Unlike a directed verdict in a jury trial, a Fed.R.Civ.P. 41(b) motion permits the Magistrate, as a trier of fact, to weigh the evidence and to consider the law at the close of the presentation of plaintiff's evidence. *Bach v. Friden Calculating Machinery Co.,* 148 F.2d 407, 409–11 (6th Cir. 1945); 5 Moore's *Federal Practice,* ¶ 41.13[4] at 41–193 (2d ed. 1981). The Report indicates that the Magistrate was aware of and properly applied this procedure. Report at 2. Hence, the application of Fed.R.Civ.P. 41(b) was proper, and Plaintiff's first objection to the Report is overruled.

2. *Alleged Non-compliance with Fed.R. Civ.P. 52(a).*

Fed.R.Civ.P. 41(b) states that if "the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Fed.R.Civ.P. 52(a)." Fed.R.Civ.P. 52(a), in turn, states that "the court shall find the facts specially and state separately its conclusions of law thereon . . . ."[3]

Plaintiff argues that the Magistrate's written Report, filed March 31, 1981, does

---

2. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits. Fed.R.Civ.P. 41(b).

3. In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. The findings of a master, to the extent that the court adopts them, shall be considered as findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b).
Fed.R.Civ.P. 52(a).

not satisfy the standard of Fed.R.Civ.P. 52(a). The Report is, in fact, a nine-page typed transcript of the oral recommendation the Magistrate made to the attorneys on March 5, 1981. Only the statements of the Magistrate are recorded on this transcript, save for two very brief interruptions by Defendant's counsel: once to ask that a case citation be repeated, and once to agree with a statement by the Magistrate that Defendant's trial brief inaccurately described an area of law for Title VII cases. Report at 2, 7.

■ While perhaps not a textbook example of "specially" stated facts and "separate" conclusions of law, this Court finds that the Report nevertheless complies with the requirements of Fed.R.Civ.P. 52(a). In the Report, the Magistrate discusses in general the facts and the evidence presented by Plaintiff, Report at 2–7, and concludes that the Plaintiff has failed to make out a prima facie case. Report at 8. He went on to state that, under the applicable law, the action should be dismissed even if Plaintiff had presented a prima facie case. *Id.* The Magistrate cites and discusses the applicable law at several points. Report at 2, 6–8. The facts and law, however, are not separated from each other or separately numbered.

The presentation of information in the Report satisfies the language and underlying policies of Fed.R.Civ.P. 52(a). As the Rule itself states, "it will be sufficient if the findings of fact and conclusions of law appear" in an opinion or memorandum of decision, if such an opinion is filed. The authors of Fed.R.Civ.P. 52(a) stated that the opinion "need only make brief, definite, pertinent findings and conclusions upon the contested matters; there is no necessity for over-elaboration of detail or particularization of facts." Advisory Committee Note on Amendment to Rules of Civil Procedure, 5 F.R.D. 433, 471 (1946). Finally, Professor Moore has stated that the "ultimate test as to the adequacy of findings is whether they are sufficiently comprehensive and pertinent to the issue to form a basis for the decision." 5A Moore's *Federal Practice,*

¶ 52.06[1] at 2710 (2d ed. 1981). The statement of facts and conclusions of law presented in the Report fully cover the important and contested issues in this action, and are adequate to form a basis for the Magistrate's decision.

■ Moreover, the courts have accepted transcribed oral transcripts of a decision delivered from the bench as adequate to fulfill the requirements of Fed.R.Civ.P. 52(a). *Moviable Offshore, Inc. v. M/V Wilken A. Falgout,* 471 F.2d 268, 269–270 (5th Cir. 1973); *Makah Indian Tribe v. Moore,* 93 F.Supp. 105 (W.D.Wash.1950); 5A Moore's, *supra,* at 2706. Such oral transcripts cannot be expected to be as precise in delineating facts and law as a formally prepared written report. Such transcripts are, however, adequate for Fed.R.Civ.P. 52(a) purposes if they convey the facts and conclusions of law upon which the decision was reached. The Report in the instant case satisfies these requirements.

Accordingly, Plaintiff's second objection to the Report is overruled.

3. *Order and Allocation of Proof in Title VII Cases*

■ Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating among employees with respect to the terms and conditions of their employment on the basis of, among other things, sex or race. 42 U.S.C. § 2000e *et seq.* The burden and allocation of proof of Title VII disparate treatment cases, such as the one herein, is well settled. First, the plaintiff has the burden of proving by a preponderance of the evidence that there is a prima facie case of discrimination. Second, if the plaintiff meets this burden, the burden shifts to the defendant to articulate legitimate, nondiscriminatory reasons for the treatment of the employee. The defendant need not persuade the court that it was actually motivated by the proffered reasons. It is enough if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff. Third, if the defendant carries its burden, the plaintiff has the opportunity to

prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973); *Burnett v. Chicksaw Area Dev. Comm'n*, 26 FEP Cases 1521, 1524 (6th Cir. 1981); *Grano v. Dep't of Development of the City of Columbus*, 637 F.2d 1073, 1079–80 (6th Cir. 1980). As the Supreme Court recently stated, the "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine, supra*, 450 U.S. at 253, 101 S.Ct. at 1094. The three-part shifting of burdens test "serves to bring the litigants and the court expeditiously and fairly to this ultimate question." *Id. See also, Burnett, supra*, at 1524; *Chrisner v. Complete Auto Transit, Inc.*, 645 F.2d 1251, 1257 (6th Cir. 1981).

▋ The principles for determining whether a Title VII plaintiff has made out a prima facie case are somewhat less clear. In *McDonnell Douglas*, which involved an alleged discriminatory failure to hire, the Court set out four factors to determine if the plaintiff established a prima facie case. The plaintiff must show that he belongs to a racial minority, that he applied for and was qualified for the job, that he was nonetheless rejected, and that the employer continued to seek applications from persons of plaintiff's qualifications. 411 U.S. at 802, 93 S.Ct. at 1824. The Court added that this standard was not inflexible, and could vary to fit differing factual situations. *Id.* at 802 n.13, 93 S.Ct. at 1824, n. 13. *Accord, Burdine, supra*, 450 U.S. at 253, n.6, 101 S.Ct. at 1094, n.6.

In the present case, Plaintiff alleges that both Ohio Bell's treatment of him during his employment and Ohio Bell's involuntary retirement of him were discriminatory and violative of Title VII. These facts differ from the situation presented in failure to hire cases. In discharge cases similar to the one herein, courts have taken two approaches to establish a model for plaintiff's proof of a prima facie case. A few courts have set up a test which hews closely to the *McDonnell Douglas* standard. These courts state that a discharged employee must establish that he was a member of a racial minority, was qualified for the job he was performing, was performing the job in a satisfactory manner, was discharged and that after the discharge, the employer assigned white employees to perform the same work. *Flowers v. Crouch-Walker Corp.*, 552 F.2d 1277, 1282 (7th Cir. 1977); *Flaig v. Bendix Corp.*, 488 F.Supp. 336, 338–39 (E.D.Mich.1980).

A greater number of courts in discharge cases have established a three-part model which requires the plaintiff to prove that he belongs to a racial minority, that he was discharged, and that there was a causal connection between his race and the discharge. *See, e.g., Harris v. Richards Manufacturing Co., Inc.*, 511 F.Supp. 1193, 1203 (W.D.Tenn.1981); *Wright v. Allis-Chalmers*, 496 F.Supp. 349, 352–53 (N.D.Ala.1980); *Watson v. Magee Women's Hospital*, 472 F.Supp. 325, 330 (W.D.Pa.1979). *See also, Jacobs v. Martin Sweets Co., Inc.*, 550 F.2d 364, 371 (6th Cir.), *cert. denied*, 431 U.S. 917, 97 S.Ct. 2180, 52 L.Ed.2d 227 (1977) (Title VII discharge case; prima facie case established when district court determined that plaintiff's employment was terminated "because" of impermissible reasons).

▋ The Magistrate in the instant case invoked portions of both tests. In discussing the prima facie case, the Magistrate stated that:

I think Mr. Hawkins has to prove that he belongs to a racial minority, that he was discharged and that there was a causal connection between his race and the discharge, but I think that causal connection can be established by the circumstantial test set up in the Flowers case cited earlier by the Court where the plaintiff establishes that he's performing his job adequately and that he is receiving no criticism and he is removed and then a white

employee is hired in his place. That would establish, I believe, without any direct evidence of discrimination, a prima facie case.

Report at 7.

Given the Supreme Court's cautionary language in *McDonnell Douglas* and *Burdine* against applying only one prima facie model in all Title VII cases, this Court finds that the Magistrate's prima facie standard was entirely appropriate. Indeed, the Magistrate took suitable criteria from each of the two standards utilized in discharge cases. On the one hand, a strict application of the *Flowers* criteria would not be appropriate in the instant case, since it is not clear if Plaintiff was replaced by a white employee, or if Plaintiff's position continued to exist at all following his retirement. A discharged employee is not always replaced, yet such employees may still fall under the protection of Title VII. On the other hand, a strict application of the "causal connection" test would seem to place too great a burden on the Plaintiff at the prima facie stage. As the Supreme Court recently stated, a Plaintiff at the prima facie stage need only show that he was discharged "under circumstances which give rise to an inference of unlawful discrimination." *Burdine supra*, 450 U.S. at 253, 101 S.Ct. at 1094 (footnote omitted). Requiring proof of a "causal connection" is perhaps implicit in all Title VII litigation, *cf. Burdine, supra*, 450 U.S. at 253, 101 S.Ct. at 1094, ("The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."), but it is not necessarily appropriate at the prima facie stage.

In the present case, the Magistrate was aware of and properly applied the prima facie standard and the *Burdine-McDonnell Douglas* shifting three-part burden of proof test. Report at 7–8. Applying the prima facie standard noted above,[4] the Magistrate found that Plaintiff had not met the criteria of adequately performing his job. The evidence indicated, the Magistrate found, that between 1968 and 1978 there was a "consistent pattern" of poor job evaluations, poor attendance, and lack of motivation. Report at 5–6. In addition, Ohio Bell during this period continually modified Plaintiff's job description in an effort to suit his desires. *Id.* The Magistrate concluded that he was "unable to find from the record, at least from 1968 on, that race was a negative factor in Mr. Hawkins' involvement with the telephone company." Report at 5. Hence, Plaintiff failed to make out a prima facie case. Report at 8.

The Magistrate went on to hold that even if Plaintiff had established a prima facie case, the action would fail. Pursuant to the second prong of the three-part *McDonnell Douglas-Burdine* test, Ohio Bell had articulated legitimate reasons for the discharge of Plaintiff, and supported such reasons with evidence from examination of the Plaintiff's own witnesses. Plaintiff, in turn, had not met the third prong of the test, that is, proving by a preponderance of the evidence that Ohio Bell's proffered reasons were but a pretext for discrimination, or that a discriminatory reason motivated Ohio Bell. Report at 8.

Plaintiff objects to the Magistrate's application of the three-part test in a Fed. R.Civ.P. 41(b) motion. That is, once a prima facie case is established by plaintiff's

---

**4.** The Magistrate did not explicitly apply one element of the prima facie test he formulated, that element being whether a white employee was hired in place of the discharged employee. The Magistrate's Report simply does not further mention this factor in the discussion of the Plaintiff's prima facie case. Report at 7–8. This absence may be due to the apparent lack of evidence in the record concerning Plaintiff's replacement (if any). Alternatively, the Magistrate may have felt that discussion of that factor was unnecessary, since Plaintiff did not

meet his burden with respect to the *other* elements of the prima facie test, that is, whether Plaintiff was performing his job adequately and was not receiving criticism. In any event, the Magistrate also held that even if Plaintiff had made out a prima facie case, he had failed to meet his burden on the third prong of the *McDonnell Douglas-Burdine* Title VII disparate treatment test. *See* text, *infra*. The Magistrate's latter holding obviates the need for a decision by this Court as to whether the Magistrate correctly applied his own prima facie test.

evidence, the trier of fact cannot apply the remaining two parts of the test merely on the basis of that evidence. At the very least, Plaintiff argues, Ohio Bell should be required to present their case and Plaintiff should be given a chance to rebut Ohio Bell's evidence. However, Plaintiff's theory has been rejected for both 41(b) motions in general and for such motions in Title VII litigation in particular. By its terms, Fed. R.Civ.P. 41(b) applies either at the close of all the evidence *or* at the end of Plaintiff's presentation of evidence. Plaintiff's "right to relief" under the "facts and law" can be determined solely on the basis of Plaintiff's evidence. *Ash v. Hobart Manufacturing Co.*, 483 F.2d 289, 290–91 (6th Cir. 1973); 5 Moore's, *supra*, at 41–171–173.

Moreover, courts have expressly held that in Title VII cases that the entire three-part test can be determined solely on the basis of Plaintiff's presentation of evidence. *Flowers v. Crouch-Walker Corp., supra*, 552 F.2d at 1281–82; *Sime v. Trustees of California State University and Colleges*, 526 F.2d 1112, 1114 (9th Cir. 1975); *Sanders v. Sherwin Williams Co.*, 495 F.Supp. 571, 574 (E.D. Mich.1980). As noted above, Ohio Bell in this case did not simply meet its burden through an answer to the complaint or by an argument of counsel, but examined Plaintiff's witnesses.

Accordingly, the Court holds that the Magistrate properly applied the correct law, and that Plaintiff's third objection to the Report is without merit, and is hereby overruled.

4. *Alleged Reliance on Evidence Not Properly Before the Court.*

The briefs filed by Plaintiff and Defendant (Docs. 34, 35), concerning the objections to the Report, indicate that the parties cooperated in examining witnesses during trial. Specifically, in order to not inconvenience several Ohio Bell employees from Cleveland, some defense witnesses were called out of turn. During Plaintiff's presentation of his case, one witness, Carl Kitzman, was called by Defendant (and examined by Plaintiff), and two of Defendant's

witnesses, Emmett Ramsey and Nita Jennings, were called by Plaintiff as on cross-examination. (Doc. 34, p. 5; Doc. 35, p. 9). The examination of Mr. Kitzman was Defendant's evidence, while the cross examination of two of the Defendant's witnesses would be considered Plaintiff's evidence. In short, evidence was received during *Plaintiff's* case which would normally have been presented during *Defendant's* case. Since the Magistrate sustained Defendant's Fed.R.Civ.P. 41(b) motion, Defendant was not ultimately required to present a case.

Plaintiff argues that the Magistrate, in ruling upon said motion, improperly relied upon, in whole or in part, evidence presented by *Defendant's* witness. Although Plaintiff does not make clear the basis of this alleged impropriety, he presumably seeks to rely upon Fed.R.Civ.P. 41(b) itself, which states that a defendant's motion to dismiss may be granted "[a]fter the plaintiff, . . . has completed the presentation of *his* evidence . . . ." (emphasis added). Plaintiff's rationale is undoubtedly correct. If the Magistrate relied upon Defendant's evidence, in whole or in part, in ruling upon the motion to dismiss at the close of Plaintiff's case, he would have contravened the plain language of Fed.R.Civ.P. 41(b). *Cf. Pitts v. United States*, 599 F.2d 1103, 1107 (1st Cir. 1979) (agreeing with above interpretation of Fed.R.Civ.P. 41(b), but adding that a plaintiff could *waive* objections to the use of a portion of defendant's evidence when a judge rules upon a motion to dismiss at the close of plaintiff's case; there is no evidence of such a waiver in the within case, and Plaintiff's cooperation with Ohio Bell in presenting witnesses should not be construed as a waiver).

From the face of the Report, however, there is little, if any, indication that the Magistrate relied upon the *Defendant's* evidence in sustaining the Fed.R.Civ.P. 41(b) motion. Plaintiff argues that the Magistrate, in the Report, makes reference to *all* the evidence (including the Defendant's) presented at trial. In pertinent part, the Magistrate stated that:

Now aside from my opinion that the plaintiff has failed to present a prima facie case, I believe that I have the right *to review this case in its entirety as well.* and assuming that a prima facie case was presented all of his evidence, I believe *that in the evidence presented in the plaintiff's case . . . .*

\* \* \* \* \* \*

. . . and I'm not able to find, just in *hearing the plaintiff's case alone,* that it is more likely than not that he was discharged as a result of discrimination. Report at 8 (emphasis added).

From the context of the above language, it is fairly clear that the Magistrate was referring to the three-part test under Title VII, and to his prerogative under Fed.R.Civ.P. 41(b) (see discussion, *supra*) to apply the three-part test on the basis of Plaintiff's evidence alone. Likewise, in no other place in the Report does the Magistrate *specifically* refer to the evidence presented by Ohio Bell's witness. At worst, the Report is arguably *ambiguous* as to whether the Magistrate relied upon Defendant's evidence presented during the Plaintiff's case.

■ While the Court is inclined to overrule this objection to the Report, the Court deems it appropriate, given the possible above-stated ambiguity, to defer ruling on the objection until a transcript of the trial can be reviewed. Such a review should reveal whether there is any substance to Plaintiff's claim that the Magistrate made his ruling, in whole or in part, on the basis of evidence presented by Defendant's witness. In other words, if a review of the evidence presented at trial (excluding that presented by Defendant's witness) indicates that the Magistrate could have relied upon the Plaintiff's evidence alone, the Court will be inclined to resolve the above-stated ambiguity (assuming said ambiguity exists at all) in favor of Ohio Bell and, thus, overrule the objection.

As previously stated, the Court notes that such a review is not *mandated* by the *Hill* decision since, under this objection, Plaintiff is not arguing that the findings of fact

made by the Magistrate were "clearly erroneous." Rather, as the Court understands it, Plaintiff is arguing that, pursuant to Fed.R.Civ.P. 41(b), the Magistrate improperly relied upon evidence from Defendant's witness in ruling upon the motion to dismiss. Nevertheless, given that the focus of Plaintiff's objection is upon the evidence presented at trial, this Court deems it appropriate to review a trial transcript to fully resolve the soundness of said objection.

Accordingly, a ruling on Plaintiff's fourth objection to the Magistrate's Report is deferred pending receipt of a trial transcript.

5. *Allegation that Language of the Report Indicates that Plaintiff has Established a Prima Facie Case*

■ Finally, in his last objection to the Report, Plaintiff takes issue with the Magistrate's finding "that the plaintiff has failed to prove that he was performing his job adequately . . . ." Report at 7. In addition, Plaintiff states that the Magistrate "fail[ed] to consider" certain facts, and that a "review of the record . . . will show proof" that Ohio Bell's actions violated Title VII. Objections to Recommendation of Magistrate, at 6 (Doc. 34). While, again, the basis of Plaintiff's objection is not stated, he presumably is directly attacking the Magistrate's findings of fact and, pursuant to Fed.R.Civ.P. 53(e)(2) and *Hill*, a review by this Court of said findings of fact will require an examination of the trial transcript.

Accordingly, the Court defers ruling upon Plaintiff's fifth and final objection to the Magistrate's Report.

## III. FURTHER PROCEDURES ORDERED

Counsel for Ohio Bell listed below, and the Plaintiff, who, the Court has been informed, is currently not represented by counsel, should take note that a conference call will be held at 8:25 a. m. on Thursday, February 25, 1982, for the purpose of discussing whether a transcript of the trial held before the Magistrate will be prepared.

Mr. Hawkins and Attorney Krisher are requested to be in chambers, Attorney Graft need only wait by his telephone, and the conference call will be arranged from this office.

## IV. CONCLUSION

WHEREFORE, for the aforestated reasons, Plaintiff's first three objections to the Report and Recommendation of the Magistrate are not well taken, and the same are hereby overruled. Rulings on the Plaintiff's fourth and fifth objections to the Report are deferred, pending the preparation of either a trial transcript or stipulations of pertinent facts.