Peter J. SPEECE, Plaintiff,

v.

**LEASEWAY TRANSPORTATION, CORP., Defendant.**

No. C86–2119.

United States District Court, N.D. Ohio, E.D.

Nov. 16, 1988.

---

Robert F. Belovich and Robert S. Belovich, Parma, Ohio, for plaintiff.

William W. Allport, Allport & Knowles and Karen B. Newborn, Baker & Hostetler, Cleveland, Ohio, for defendant.

BATTISTI, Chief Judge.

Defendant Leaseway Transportation Corp. has filed a motion for summary judgment based on the following arguments:

1) Plaintiff Peter J. Speece failed to file the Complaint within the applicable statute of limitations period.

2) Plaintiff failed to allege a *prima facie* case of age discrimination.

Defendant's first contention is clearly without merit. A complaint alleging violation of the Age Discrimination in Employment Act must be brought within two years after the cause of action accrued. *See* Section 7(e) of the Age Discrimination in Employment Act, 29 U.S.C. § 626, incorporating Section 6(a) of the Portal to Portal Act, 29 U.S.C. § 255(a). In employment discrimination cases, the limitations period begins to run when the employment decision is made and the plaintiff-employee receives notice. *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980).

Plaintiff Speece received notification of his termination by way of a June 4,

1984 memo from his superior, Mr. R.C. Hoeffner, entitled "Notification of Termination." Plaintiff's Exhibit D. Plaintiff filed this lawsuit on May 15, 1986. Defendant claims that Mr. Speece was verbally notified of his termination by Mr. Hoeffner during the week of March 5, 1984. Defendant cites a July 16, 1984 memo by Mr. Hoeffner entitled "Termination of Pete Speece" as evidence of this prior verbal notification. This memo, however, indicates that Mr. Speece was not given official notice of his termination until some time after June 1, 1984. The memo also indicates that between the week of March 5, 1984 and June 1, 1984, efforts were being made, or at least Mr. Speece was led to believe that efforts were being made, to identify alternative positions for Mr. Speece within the corporation. Thus, Defendant's own exhibit suggests that the decision to terminate Mr. Speece's relationship with the corporation did not occur until after this three-month period had elapsed and that Mr. Speece was not officially notified of the termination until after June 1, 1984. Therefore, this Complaint is not barred by the statute of limitations.

■ Defendant argues in the alternative that summary judgment is warranted by Plaintiff's failure to allege a *prima facie* case of age discrimination. Viewing the facts in a light most favorable to the non-moving party, however, summary judgment is not appropriate in this case. Plaintiff has established a *prima facie* case sufficient to defeat a motion for summary judgment.

In *Ackerman v. Diamond Shamrock Corp.*, 670 F.2d 66, 69 (6th Cir.1982), the court explained:

> As modified to fit age discrimination cases, the *McDonnell Douglas* [*v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668, 1973] test for making out a prima facie case of discrimination requires that a plaintiff demonstrate that (1) he was a member of the protected class (2) he was discharged (3) he was qualified for the position and (4) he was replaced by a younger person.

The *Ackerman* court then argued that a case-by-case analysis was preferable to the mechanical application of the *McDonnell Douglas* test in age discrimination cases.

> A mechanical application of the *McDonnell Douglas* guidelines might bar the suit of a worthy ADEA claimant. In other cases, an overly mechanical application could supply an ADEA plaintiff with a triable claim where none exists.

*Ackerman v. Diamond Shamrock Corp., supra*, at 70.

Despite its rejection of mechanical jurisprudence in *Ackerman*, the Sixth Circuit continues to consider the *McDonnell Douglas* elements in determining whether a plaintiff has established a *prima facie* case of age discrimination. *See Lenz v. Erdmann Corp.*, 773 F.2d 62, 64 (6th Cir.1985). The Sixth Circuit has also cited with approval a more flexible test for a *prima facie* case previously set forth by the Ninth Circuit:

> To establish a *prima facie* case, the Plaintiff must prove, by the preponderance of the evidence, that he was within the protected class (persons between the ages of 40 and 70) and was performing satisfactorily, and that he was discharged " 'under circumstances which give rise to an inference of unlawful discrimination.' " *Douglas v. Anderson*, 656 F.2d 528, 531 (9th Cir.1981) (quoting [*Texas Dept. of Community Affairs v.*] *Burdine*, 450 U.S. [248] at 253, 101 S.Ct. [1089] at 1094 [67 L.Ed.2d 207, 1981]).

*Grubb v. W.A. Foote Memorial Hosp., Inc.*, 741 F.2d 1486, 1497–98 (6th Cir.1984).

This alternative approach, however, does not abandon the *McDonnell Douglas* criteria. In *Grubb*, the court stated that the last requirement of this test "might be met 'by using the *McDonnell Douglas* criteria ... [or by] using statistical information, direct evidence of discrimination, and circumstantial evidence other than that which is used in the *McDonnell Douglas* criteria' " *Grubb v. W.A. Foote Memorial Hosp., Inc., supra* at 1498 quoting *Blackwell v. Sun Electric Corp.* 696 F.2d 1176, 1180 (6th Cir.1983).

At the summary judgment stage, Plaintiff must show that he has "created a genu-

ine issue of material fact on each of the elements of a *prima facie* case of age discrimination. *Lenz v. Erdmann Corp., supra* at 64. Viewing the evidence in a light most favorable to the non-moving party, this Court is persuaded that Plaintiff has met this burden.

Mr. Speece was a 47 year old engineer at the time of his firing. He had been employed by Leaseway for over twelve (12) years. Plaintiff's affidavit contends that he received regular pay raises between 1972 and 1982. It also alleges statements made by Plaintiff's former supervisor, Mr. Roe, in June, 1983, indicating that Mr. Roe was being pressured by a higher official within Leaseway (Mr. Livingston) to downgrade his evaluations of Plaintiff's job performance. Mr. Roe is also alleged to have stated that management was attempting to build a case to justify Plaintiff's dismissal. Following Mr. Roe's resignation, Mr. Hoeffner became Plaintiff's immediate supervisor in July, 1983. In January, 1984, Mr. Hoeffner gave Plaintiff a negative written evaluation. Defendant's Exhibit Number Seven. Plaintiff's affidavit also alleges that prior to his termination in June, 1984, Mr. Livingston told Plaintiff that he wanted to "start fresh with young blood—people who will be better able to handle the pressure." Plaintiff was replaced by a 42 year old employee.

Although Plaintiff may or may not be able to prove by a preponderance of the evidence at trial that age was a factor in his dismissal, he has raised genuine issues of material fact as to whether he was performing his job satisfactorily and whether he was discharged "under circumstances which give rise to an inference of unlawful discrimination." *Grubb v. W.A. Foote Memorial Hosp., Inc., supra* at 1498. Therefore, Defendant's motion with regard to Count One of the Complaint is hereby denied.

■ Defendant further argues that summary judgment should be granted on Counts Two and Three of the Complaint alleging pendent state claims. Count Two alleges that Defendant violated Ohio Revised Code § 4101.17 by discharging Plaintiff from employment by reason of his age without just cause. Defendant contends that summary judgment is appropriate on this count because Plaintiff has failed to create a genuine issue of material fact on each of the elements of a *prima facie* case state age discrimination. A *prima facie* violation of O.R.C. 4207.17 is established:

by showing (1) that [Plaintiff] was a member of the statutorily protected class, (2) that he was discharged, (3) that he was qualified for the position, and (4) that he was replaced by ... a person who did not belong to the protected class.

*Barker v. Scovill, Inc.,* 6 Ohio St.3d 146, 148, 6 OBR 202, 451 N.E.2d 807 (1983).

Although the Ohio Supreme Court cited *Ackerman* as a source of authority for these requirements, it adopted a more restrictive test for a *prima facie* case of state age discrimination than that used for federal violations. Specifically, the Court requires that a Plaintiff show that "he was replaced by ... a person who did not belong to the protected class." *Barker, supra,* at 148, 6 OBR 202, 451 N.E.2d 807. In the instant case, Plaintiff was replaced by a person within the protected class (42 years old). Thus, Plaintiff has failed to raise a genuine issue of material fact on each element of a *prima facie* violation of O.R.C. 4107.17. Defendant's motion for summary judgment with regard to Count Two of the Complaint is hereby granted.

■ Count Three alleges defendant Leaseway Transportation Corp. breached an employment agreement it had entered with Plaintiff. Defendant's motion for summary judgment on this claim is without merit. Plaintiff has raised a material issue of fact as to whether Defendant's handbooks, policy statements, and course of dealing with Plaintiff and other employees created an employment agreement which Defendant subsequently violated. Therefore, Defendant's motion for summary judgment with regard to Count Three is hereby denied.

IT IS SO ORDERED.