Alline BROWN, Plaintiff,

v.

HERMAN'S FURNITURE, INC., Defendant.

Civ. No. C88–7811.

United States District Court, N.D. Ohio, W.D.

Oct. 16, 1990.

K. Ronald Bailey, Sandusky, Ohio, for plaintiff.

Joan Szuberla, Toledo, Ohio, for defendant.

## OPINION AND ORDER

JOHN W. POTTER, District Judge.

This cause is before the Court on defendant's motion for summary judgment, plaintiff's opposition, and defendant's reply. Plaintiff sues for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII); the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.* (ADEA); and Ohio Revised Code § 4112.01 *et seq.* Plaintiff's claims stem from her termination as an employee of defendant on January 2, 1987.

Plaintiff and defendant have agreed to the following facts: 1) plaintiff is a black female; 2) plaintiff was 55 years old at the time defendant discharged plaintiff; thus plaintiff is within the age group protected by ADEA; 3) plaintiff was discharged on January 2, 1987; and 4) plaintiff was replaced by a white male. Defendant specifically denies that discriminatory motives entered into its decision to discharge plaintiff. To resolve defendant's motion, the Court will employ the following analysis:

Under the Federal Rules of Civil Procedure, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The Supreme Court has recently stated that the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.* [477 U.S. 242], 106 S.Ct. 2505, 2512 [91 L.Ed.2d 202] (1986).... In reviewing a motion for summary judgment, however, all inferences " 'must be viewed in the light most favorable to the party opposing the motion.' " *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* [475 U.S. 574], 106 S.Ct. 1348, 1356–57 [89 L.Ed.2d 538] (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 [82 S.Ct. 993, 994, 8 L.Ed.2d 176] (1962)).

*Ralph Shrader, Inc. v. Diamond International Corp.*, 833 F.2d 1210, 1213 (6th Cir. 1987).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any'

which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The substantive law of the case identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Therefore, only disputes of facts affecting the outcome of the suit under the applicable substantive law will preclude the entry of summary judgment. *Id.* A moving party may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 324–325, 106 S.Ct. at 2554. Where the moving party has met its initial burden, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. "[P]laintiff, to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor." *Id.* at 257, 106 S.Ct. at 2514.

■ The parties contend, and the Court agrees, that plaintiff's allegations were brought under a theory of disparate treatment, not disparate impact. The substantive law which creates the framework for analyzing claims of disparate treatment was set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny. Under the *McDonnell Douglas* test, the Court must first determine whether plaintiff has made a prima facie case of discrimination. Should plaintiff carry this burden, the burden shifts to defendant to articulate legitimate, nondiscriminatory reasons for terminating plaintiff. If defendant makes this showing, the burden is plaintiff's to demonstrate that defendant's articulated reasons were not the true reasons for its decision. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981); *McDonnell Douglas*, 411 at 802–04, 93 S.Ct. at 1824–25. Since *McDonnell Douglas* involved an alleged discriminatory failure to hire while this case involves an alleged discriminatory termination, the Court

must modify the four part test set forth in that case for determining whether a plaintiff has made a prima facie case of discrimination. See *McDonnell Douglas*, 411 U.S. at 802 n. 13, 93 S.Ct. at 1824 n. 13. ("The facts necessarily will vary in Title VII cases, and the specification above of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations.")

Defendant's citation to a case out of the Southern District of Ohio has proven most helpful in adjusting the *McDonnell Douglas* test. In *Hawkins v. Ohio Bell Tel. Co.*, 38 Fair Empl.Prac.Cas. (BNA) 1810, 93 F.R.D. 547 (S.D.Ohio 1982), Judge Rice surveyed the manner in which other courts were modifying the *McDonnell Douglas* test and approved of the following test for determining whether the plaintiff had made the required prima facie showing: First, plaintiff must prove that she is a member of a protected minority group; next, plaintiff must prove that she was discharged; and third, plaintiff must demonstrate a causal connection between her protected status and the discharge. The plaintiff may establish the third part of this test, the causal connection, by proving that she performed her job adequately but was removed and replaced by an employee not within the protected class. *Hawkins*, 38 Fair Empl.Prac.Cas. at 1815, 93 F.R.D. 547. This Court likewise approves of this analytical framework and will use it in analyzing plaintiff's proof.

Initially, the Court finds it proper to apply the above test to all three of plaintiff's claims: the Title VII claim; the ADEA claim; and the Ohio Rev.Code § 4112.01 claim. In a recent examination of the law applicable to an age discrimination claim, the Sixth Circuit Court of Appeals found that the plaintiff needed to prove that (1) she was a member of the protected class; (2) that she was subjected to an adverse employment action; (3) that she was qualified for the particular position; and (4) that she was replaced by a person not a member of the protected class. *Gagne v. Northwestern Nat. Ins. Co.*, 881 F.2d 309, 313 (6th Cir.1989). The Sixth Circuit cautioned

lower courts that "it would be inappropriate simply to borrow and apply [the *McDonnell Douglas* guidelines] automatically." *Laugesen v. Anaconda Co.*, 510 F.2d 307, 312 (6th Cir.1975). Since plaintiff has alleged the same conduct to be violations of both Title VII and ADEA and since the four part test above is very similar to the test approved in *Hawkins*, the Court finds that it is best to analyze both claims under the *Hawkins* test.

The Ohio Supreme Court, in analyzing a claim brought under the Ohio Civil Rights Statute, found it proper to use the *McDonnell Douglas* test. See *Plumbers & Steamfitters Joint Apprenticeship Committee v. Ohio Civil Rights Commission*, 66 Ohio St.2d 192, 197, 421 N.E.2d 128 (1981). Therefore, this Court will apply the *Hawkins* test to plaintiff's claims under Ohio Rev.Code § 4112.01 *et seq.*

While plaintiff raises no argument that a standard different from the *McDonnell Douglas* standard should be applied to any of her claims, she does claim that the third element of the *Hawkins* test, the requirement that there be a causal connection between plaintiff's protected status and her discharge, is no longer good law in light of the United States Supreme Court's decision in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). What plaintiff's argument fails to comprehend, however, is that the standard of proof announced in *Price Waterhouse* applies only to that class of cases called "mixed motive cases." *Gagne*, 881 F.2d at 315 (citing *Price Waterhouse*, 490 U.S. at 258–60, 109 S.Ct. at 1795). While the *Price Waterhouse* standard is more onerous for a defendant and though it may eliminate the requirement that plaintiff show a causal connection, the plaintiff must first present "direct evidence" of discrimination. Without pointing to the existence of direct evidence of discrimination, plaintiff is not entitled to the benefit of the *Price Waterhouse* standard. In this case, plaintiff has not presented any direct evidence of discrimination. Therefore, *Price Waterhouse* does not apply, and plaintiff must produce direct, indirect, or circumstantial evidence that her protected status was a factor in the decision to terminate her and that "but for" this factor she would not have been terminated. *Gagne*, 881 F.2d at 314.

Plaintiff has met the first element of the prima facie case. As mentioned above, defendant agrees that plaintiff is a black female who was 55 years of age at the time her employment was terminated. These facts place plaintiff squarely within the protected classes of both Title VII and ADEA. The second element of the prima facie case is also met. Again, defendant admits that it discharged plaintiff on January 2, 1987.

Plaintiff may establish the causal connection by showing that she performed her job adequately but was replaced by an employee who was not within the protected class. The Court will address the second requirement first.

■ Defendant admits that plaintiff was replaced by a 49 year old white male. Clearly, plaintiff was replaced by an employee not within the protected class for purposes of Title VII analysis. The more perplexing question, however, is whether plaintiff has satisfied this element for purposes of ADEA and the Ohio Civil Rights Statute. Plaintiff cites *Larson on Employment Discrimination* for the proposition that an employee may plead a viable claim for age discrimination even though she is replaced by a younger person who is also within the protected age group. Plaintiff alleges that this intra-age group protection is recognized in the Fifth and First Circuit Courts of Appeals. In its brief supporting its motion for summary judgment, defendant cites the fact that plaintiff's replacement was also a member of the protected class as support for its claim that plaintiff does not have a viable age discrimination claim. However, defendant did not address plaintiff's intra-age group protection argument in its reply brief. Defendant also did not provide authority to support the idea that intra-age group protection is not recognized in the Sixth Circuit.

In conducting its own research on this issue, the Court finds a decision from

Judge Sam H. Bell of this Court's Eastern Division most helpful. In *Bowman v. Firestone Tire & Rubber Co.*, 724 F.Supp. 493 (N.D.Ohio 1989), Judge Bell found the following:

> To establish a prima facie case *and* create a genuine issue of material fact the plaintiffs must prove a violation of O.R.C. § 4101.17 by showing:
>
> (1) that [plaintiff] was a member of the statutorily protected class;
>
> (2) that he was discharged;
>
> (3) that he was qualified for the position, and
>
> (4) that he was replaced by a person *who did not belong to the protected class.*

*Bowman*, 724 F.Supp. at 505 (citing *Barker v. Scovill, Inc.*, 6 Ohio St.3d 146, 148, 451 N.E.2d 807 (1983) (emphasis added). Judge Bell went on to agree with Judge Battisti's holding in *Speece v. Leaseway Transp.*, 721 F.Supp. 144 (N.D.Ohio 1988), that the Ohio Supreme Court had imposed a more restrictive test for stating a prima facie case of age discrimination under the Ohio Civil Rights statute by requiring a plaintiff to show that her replacement does not belong to the protected class. *Bowman*, 724 F.Supp. at 506.

■ This Court will follow the holdings of the Judges in its Eastern Division. As plaintiff was replaced by someone who was also within the protected class, plaintiff cannot make the required prima facie showing under the test as announced by the Ohio Supreme Court in *Barker*. Therefore, defendant will be granted summary judgment on plaintiff's claim for age discrimination under the Ohio Civil Rights statute.[1]

■ The next question for this Court's consideration is whether the plaintiff must show that her replacement was not within the protected class to have a claim under the ADEA. The Sixth Circuit Court of Appeals has consistently refused to provide a single test which lower courts should use when evaluating age discrimination claims for purposes of summary judgment. See *Laugesen v. Anaconda*, 510 F.2d 307, 312–13 n. 4 (6th Cir.1975) (strict evidentiary approach used in race discrimination cases should *not* be blindly applied in age discrimination cases); *Blackwell v. Sun Elec. Corp.*, 696 F.2d 1176, 1179 (6th Cir.1983) (rigid application of the *McDonnell Douglas* formula rejected; instead, courts should employ a case-by-case approach). The *Blackwell* decision is the first decision which this Court has found in which the Sixth Circuit became aware that a split of authority was developing on the issue of whether the plaintiff needed to show that her replacement was outside the protected class in order to make out a prima facie case of age discrimination. The *Blackwell* Court specifically refused to resolve this issue.

> Several courts have held that an ADEA plaintiff need not prove that he or she was replaced by a younger employee [outside the protected class] in order to establish a prima facie case. See, e.g., *Loeb v. Textron*, 600 F.2d 1003, 1013 (1st Cir.1979); *Douglas v. Anderson*, 656 F.2d 528 (9th Cir.1981). They reason that such an employer might hire an older worker in order to thwart an age discrimination suit if this were a requirement. Since the plaintiff in this case was replaced by an employee outside the protected class, we need not consider this issue.

*Blackwell*, 696 F.2d at 1181 n. 6. The Court went on to add that the plaintiff would have made a prima facie showing of discrimination even if he had not met the *McDonnell Douglas* criteria. This holding appears to spring from the conflicting evidence which the Sixth Circuit found to exist on the issue of why the plaintiff's supervisor terminated the plaintiff. This conflict-

---

**1.** Alternatively, the Court would hold that plaintiff's claims under the Ohio Civil Rights Statute is barred. Plaintiff elected to pursue her state discrimination claims administratively under Ohio Rev.Code § 4112.05. Having done so, plaintiff is precluded from bringing a civil action to enforce her rights. See *Morris v. Kaiser Engineers, Inc.*, 14 Ohio St.3d 45, 46, 471 N.E.2d 471 (1984); *Ackman v. Ohio Knife Co.*, 589 F.Supp. 768 (S.D.Ohio 1984); *Merkel v. Scovill, Inc.*, 570 F.Supp. 133 (S.D.Ohio 1983).

ing evidence was enough to lead the Sixth Circuit to find that the plaintiff had raised an inference of discrimination. *Blackwell,* 696 F.2d at 1181.

Very recently, the Sixth Circuit appears to have embarked upon a course of clarifying the law in this area. In *Barnes v. Gencorp Inc.,* 896 F.2d 1457 (6th Cir.1990), the court said "an employer violates ADEA when preference is given to a younger employee even if the younger employee is within the protected class of persons age 40–and–over." *Id.* at 1466. In saying the above, the court cited *McCorstin v. U.S. Steel Corp.,* 621 F.2d 749, 754 (5th Cir. 1980). The *McCorstin* opinion provides the reason why many courts choose to extend the protection of ADEA to employees replaced by persons who are also within the protected class.

In *McCorstin,* the Fifth Circuit Court of Appeals confronted a situation where a plaintiff, who was within the group of people protected by the ADEA, was terminated during a reduction in force. The employee conceded that he had not been replaced. Therefore, the court found that the employee would be foreclosed from proving age discrimination if a court rigidly applied the *McDonnell Douglas* formula to require the employee to show that he was "replaced by a person outside the protected group." *McCorstin,* 621 F.2d at 752–53 (citing *Price v. Maryland Casualty Co.,* 561 F.2d 609, 612 (5th Cir.1977)). The Court found the requirement that an employee demonstrate that she was replaced by someone outside the protected class was only intended to "demonstrate discrimination, that is, unequal treatment, by the relatively objective evidence of replacement by a member of a nonprotected class." *McCorstin,* 621 F.2d at 753. Recognizing that the *McDonnell Douglas* test, from which this requirement sprang, was never meant to be the *only* prima facie test for discrimination, the court held that the plaintiff had made a prima facie showing of discrimination despite his inability to show that he had been replaced by a person outside the protected class. *McCorstin,* 621 F.2d at 754. In doing so, the court said: "That the person is replaced by a

person ten years younger rather than twenty years does not diminish the discrimination; the subtlety only tends to disguise it." *Id.*

While the holding in *Barnes* was spoken in the context of a reduction in force case, this Court finds, based on the Sixth Circuit's citation to *McCorstin,* that this holding is not confined to its facts. Therefore, while plaintiff was not terminated during a reduction of force, the Court will not require her to show that she was replaced by a person who was not within the class of persons protected by ADEA. Further, the Court finds that since plaintiff was replaced by a person six years her junior, she has satisfied the spirit of the *McDonnell Douglas* requirement by introducing some objective evidence that she was discriminated against due to her age. Thus, plaintiff has shown all that is required for this part of the prima facie case.

■ Finally, the Court must decide whether plaintiff has met the final element of the prima facie case by showing that she performed her job adequately. Interestingly, in this case this element of plaintiff's prima facie case is the flip-side of defendant's articulated legitimate, nondiscriminatory reason for discharging plaintiff. Since the defendant claims that it terminated plaintiff because she was not performing the duties of her job adequately, the Court's resolution of one issue necessarily has an impact on its view of the other. The Sixth Circuit's two most recent decisions in the area of age discrimination provide little guidance for determining how a court should go about judging whether a plaintiff has met this element of the prima facie case.

The Court quotes at length from *Gagne v. Northwestern Nat. Ins. Co.,* 881 F.2d 309, 313 (6th Cir.1989) to illustrate.

The elements of a prima facie case of age discrimination require that the charging party demonstrate that (1) she was a member of the protected class, i.e. that she was between the ages of 40 to 65 years of age; (2) that she was subjected to an adverse employment action; (3)

that she was qualified for the particular position; and (4) that she was replaced by a person not a member of the protected class. [citations omitted] In the case at bar, the appellant introduced sufficient evidence to prove that she was within the protected class, that she had been subjected to adverse employment action, and that she was replaced by a younger person. In response, Northwestern "clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection," *Burdine*, 450 U.S. at 255 [101 S.Ct. at 1094]; namely, that Gagne was not qualified for her position in that her performance as a senior claims representation had been substandard for a period of approximately one year and that, in spite of numerous oral and written warnings to improve her performance, she failed to show adequate improvement.

Because Northwestern introduced sufficient evidence to rebut the appellant's prima facie case of age discrimination, Gagne assumed "the burden of persuasion to demonstrate that the proffered reason was not the true reason for the employment decision." [citation omitted] "[I]n disparate-treatment cases ... the plaintiff bears the burden of disproving an employer's assertion that the adverse employment action or practice was based solely on a legitimate neutral consideration."

Noticeably absent from the court's analysis was a finding that plaintiff had met her burden of showing that she was qualified for the position. It appears that the court found the presence of a prima facie case through the existence of elements one, two, and four and reserved for subsequent consideration the issue of whether plaintiff had presented sufficient evidence to create a genuine issue of material fact as to whether she performed her job adequately.

Given this method of analyzing the prima facie showing, this Court likewise finds that plaintiff has established enough to make out a prima facie case of discrimination under Title VII and ADEA. Therefore, the Court will proceed to examine whether plaintiff has produced sufficient

evidence to create a genuine issue of material fact about whether defendant's proffered reason was not the true reason for its decision to terminate plaintiff.

Plaintiff sets forth nine "facts" which she claims make summary judgment inappropriate. The first three of these facts; that she is a black female, that she was 55 years old at the time she was terminated, and that she was replaced by a white male, add nothing beyond establishing plaintiff's prima facie case. The Sixth Circuit said in *Gagne* that:

> [I]t is clear that merely making out a prima facie case does not automatically save appellant from a summary judgment motion. "Indeed, the inference of discrimination created by the prima facie case is dispelled once the employer's reason is stated, until and unless the latter is shown to be a pretext."

*Gagne*, 881 F.2d at 314 (quoting, *inter alia*, *Menard v. First Security Serv. Corp.*, 848 F.2d 281, 287 (1st Cir.1988)). Since defendant has articulated a legitimate, nondiscriminatory reason for its actions, plaintiff's first three facts will not help her claims survive this motion for summary judgment.

Plaintiff next points to the decision of the Ohio Bureau of Employment Services (OBES) to claim that summary judgment is inappropriate. Upon reconsideration of its earlier finding, the OBES found that plaintiff's employment with defendant was terminated without just cause. However, the Court finds the following language in the OBES decision to be particularly insightful:

> As set forth in the Findings of Fact above, claimant performed her work to the best of her ability. She had physical problems *which impaired her work performance* as well as personal problems. Herman's Furniture, Inc., kept the claimant on *although the store was not being cleaned the way it should*. At this hearing, Herman's Furniture, Inc., states that they sincerely believe that claimant performed her work to the best of her ability. No probative evidence has been introduced at this hearing to show that the claimant was guilty of any neglect or

misconduct in connection with work which led to her immediate separation from Herman's Furniture, Inc. *It must be held, therefore, that claimant was discharged by Herman's Furniture, Inc., without just cause.* (Emphasis added.)

From the above language, it is obvious that the OBES finding of a no-just-cause discharge related to the lack of misconduct on the part of plaintiff and was *not* related to some finding of misconduct on the part of defendant. Taking the OBES finding in the context within which it was announced, the Court finds no evidence that creates a genuine issue of material fact on the issue of pretext.

■ Plaintiff's fifth fact which she contends makes summary judgment inappropriate is the affidavit testimony of Lynn D. Bailey. Ms. Bailey states in her affidavit that "[d]uring the course of my employment with Herman's Furniture, I was informed by Jerome Matz, President of Herman's that Alline Brown was the 'token black' of Herman's Furniture." Bailey Affidavit at 1–2. In *Gagne*, the plaintiff introduced evidence that her immediate supervisor stated that he "needed younger blood." *Gagne*, 881 F.2d at 314. The Sixth Circuit said "[t]his solitary remark, however, was insufficient to create an issue of material fact which could preclude entry of summary judgment in favor of defendant." *Id.* This Court is confronted with a situation identical to *Gagne*, and it likewise finds that the comment which Ms. Bailey overheard is insufficient to create a genuine issue of material fact.

Next, plaintiff claims summary judgment is inappropriate by alluding to statistical evidence. According to plaintiff, from 1968 to 1985 only one black person was hired to work in an office or sales capacity. This statistical evidence has no probative value in this case. First, plaintiff was not employed in an office or sales capacity. Second, there is no evidence in the record that plaintiff ever applied for an office or sales position. The Court finds that this evidence cannot, as a matter of law, support an inference of discrimination. See *Simpson v. Midland–Ross Corporation*, 823 F.2d 937 (6th Cir.1987).

Plaintiff next points to her own testimony, the affidavit of Mary E. Sterling, and the affidavit of Turesa Lukacena as precluding summary judgment. Ms. Sterling states in her affidavit that plaintiff did a very satisfactory and thorough job of cleaning. Sterling Affidavit at ¶ 4. However, Ms. Sterling quit in 1984; three years before plaintiff was terminated. Ms. Lukacena states that from 1981 until January 1987, plaintiff was consistent in her job performance. Lukacena Affidavit at ¶ 4. However, Ms. Lukacena does not state that plaintiff did a good job. All she states is that during that time period, plaintiff's work performance neither improved nor deteriorated.

Once again, the Court finds that plaintiff has done no more than introduce the type of evidence that the court in *Gagne* found unpersuasive. In *Gagne*, the plaintiff introduced affidavits from three co-workers that she performed her duties adequately. The Court found these affidavits unpersuasive because the individuals making the statements lacked the requisite personal knowledge or experience to testify to the plaintiff's work proficiency. *Gagne*, 881 F.2d at 316 (citing *Menard v. First Security Serv. Corp.*, 848 F.2d 281, 286–87 (1st Cir.1988). Here, neither Ms. Sterling nor Ms. Lukacena indicate that she was in a position to observe or supervise plaintiff's work. Since the affidavits provide no basis for the conclusions reached by each affiant, the Court finds that they do not raise an issue of material fact.

Plaintiff's eighth and ninth reasons why summary judgment is inappropriate relate to the affidavit of Darlene L. Walk, an employee of defendant from October, 1987 until July, 1989. The vague accusations contained in this affidavit do not lend any support to the claims at issue in this case. Therefore, the facts contained in plaintiff's eighth and ninth contentions do not raise genuine issues of material fact.

Having analyzed all of the evidence that plaintiff has submitted to support her contention that defendant's articulated reason

for dismissing her was not the true reason for its actions, the Court concludes that plaintiff has failed to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Therefore, defendant is entitled to summary judgment on all claims made in plaintiff's complaint.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that defendant's motion for summary judgment be, and hereby is GRANTED.